## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE JAMES MADISON PROJECT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07cv01154 (RMU) |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

### DEFENDANT CENTRAL INTELLIGENCE AGENCY'S
### MOTION FOR SUMMARY JUDGMENT

Defendant Central Intelligence Agency hereby moves for summary judgment pursuant to

Fed. R. Civ. P. 56.  The reasons for this motion are set forth in the accompanying memorandum.

Dated:  April 25, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director


  /s/ Vesper Mei_____
VESPER MEI
(D.C. Bar No. 455778)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044

Telephone:  (202) 514-4686
Facsimile:  (202) 616-8470 (fax)
E-mail: vesper.mei@usdoj.gov

Counsel for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE JAMES MADISON PROJECT,          )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )          Case No. 1:07cv01154 (RMU)
                                    )
CENTRAL INTELLIGENCE AGENCY,        )
                                    )
                    Defendant.      )
                                    )
_____)

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

**STATEMENT**

In this action filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

Plaintiff The James Madison Project ("JMP") sought from the Central Intelligence Agency

("CIA") records of copies of all internal CIA regulations pertaining to eight broad categories of

information. The CIA responded to Plaintiff's FOIA request by conducting a thorough search of

its relevant offices, files and automated systems, and has released responsive documents to

Plaintiff. In making its FOIA production, the CIA withheld certain records pursuant to well-

recognized exemptions for protecting classified information, internal agency matters, and

information protected by statute concerning intelligence methods, CIA organizational

information, and/or CIA functional information. The CIA's invocation of these exemptions was

necessary and proper, as the detailed declaration and Vaughn index submitted with this motion

makes clear. The CIA is, therefore, entitled to summary judgment on Plaintiff's FOIA claim.

## FACTUAL AND PROCEDURAL BACKGROUND

**I.    BACKGROUND OF PLAINTIFF'S FOIA REQUEST**.

By letter dated May 18, 2000, Plaintiff submitted its initial FOIA request to the CIA. Plaintiff's request sought copies of all internal CIA regulations on or pertaining to: (1) personnel issues; (2) the granting or revocation of security clearances; (3) grievance procedures; (4) disciplinary procedures; (5) the Prepublication Review Board; (6) declassification of information; (7) the Historical Advisory Board; and (8) the implementation of the Freedom of Information and Privacy Acts.  Plaintiffs' Compl. ¶ 5; Ex. B to April 24, 2008 Declaration of Joseph W. Lambert, Director, Information Management Services, Office of the Chief Information Officer, Central Intelligence Agency ("Lambert Decl.").  Plaintiff's request was sufficiently specific to enable the CIA to locate responsive records with a search focusing on the relevant record systems that the CIA reasonably believed would contain internal CIA regulations. Lambert Decl. ¶¶ 11-12.

By letter dated July 26, 2002, the CIA denied Plaintiff's FOIA request, citing FOIA exemption (b)(3) as its legal authority for withholding all previously unreleased internal CIA regulations responsive to Plaintiff's FOIA request.  Lambert Decl. ¶ 13; Ex. C thereto.  On August 8, 2002, Plaintiff appealed the CIA's decision to withhold records responsive to its FOIA request.  Id.; Ex. D thereto.  The CIA accepted and acknowledged Plaintiff's appeal by letter dated August 20, 2002, and advised Plaintiff that a backlog of approximately 360 FOIA appeals would likely delay its appeal.  Id.; Ex. E thereto.

On June 27, 2007, Plaintiff filed this lawsuit.  The CIA filed its Answer on August 24, 2007.  On September 24, 2007, pursuant to this Court's order, the parties filed a Joint Status

Report.  Docket #8; Ex. F to Lambert Decl.  In that Report, the parties agreed, inter alia: 1) to

limit the scope of Plaintiff's FOIA request to the version of the requested CIA regulations in

effect as of June 27, 2007 (the date of the filing of the lawsuit) and 2) that the CIA would process

and release any non-exempt documents or portions of documents responsive to Plaintiff's request

by January 11, 2008.  Id.

Pursuant to the parties' agreement, the CIA searched the searchable records system in

which CIA regulations are maintained for the versions of the requested regulations in effect as of

June 27, 2007.  Lambert Decl. ¶ 15.  The CIA located seventy-six regulations responsive to

Plaintiff's FOIA request.  Id.

In the ordinary course of their information management responsibilities, personnel from

Information Management Services ("IMS") (the office within the CIA responsible for the CIA's

information management program) reviewed the responsive regulations to determine whether any

FOIA exemptions applied and whether any nonexempt information was reasonably segregable

from exempt information.  Id. ¶ 16.  Mr. Lambert, the Director of IMS, then reviewed the

determinations of the IMS personnel, and determined that the CIA could release in part

fifty-three of the seventy-six internal CIA regulations responsive to Plaintiff's FOIA request after

the segregable, exempt information in those records was withheld from disclosure under

applicable FOIA exemptions.  These documents that were released in part are referred to as "RIP

documents."  Id.  Mr. Lambert further determined that the remaining twenty-three of the internal

CIA regulations responsive to Plaintiff's FOIA request were wholly exempt from disclosure

under applicable FOIA exemptions, and did not contain segregable, non-exempt information.  Id.

These records were denied in full ("DIF documents").  Id.  Through the exercise of his official

duties, Mr. Lambert determined that the information withheld from the RIP and DIF documents was exempt from disclosure pursuant to FOIA exemptions (b)(1), (b)(2), and (b)(3). Id. Pursuant to the parties' agreement, the CIA produced the fifty-three RIP documents to Plaintiff on January 10, 2008. Lambert Decl. ¶ 17; Ex. G thereto.

On or about January 31, 2008, Plaintiff advised the CIA that it would challenge the CIA's determination to withhold segregable, exempt information in twenty-five RIP documents.[1] Lambert Decl. ¶ 18. Plaintiff also challenged the CIA's decision to withhold the twenty-three DIF documents.[2] Id. The justifications for these withholdings are addressed below.

## II.    BACKGROUND ON THE CIA'S INTERNAL REGULATIONS.

In its FOIA request, Plaintiff sought the release of a broad range of internal CIA regulations. See Ex. B to Lambert Decl. While many of the regulations may seem innocuous on their face, all of these documents contain sensitive information regarding the internal workings of a clandestine intelligence agency and their dissemination could have serious and negative effects. Lambert Decl. ¶ 21. Further, while the disclosure of a single regulation or part of a regulation may appear harmless, such information may be very valuable to foreign intelligence services that

---

[1] These documents are: 1511250, 1511253, 1511256, 1511259, 1511261, 1511262, 1511264, 1511266, 1511268, 1511270, 1511271, 1511272, 1511274, 1511275, 1511281, 1511283, 1511286, 1511287, 1511288, 1511293, 1511294, 1511295, 1511296, 1511297, and 1511300. Lambert Decl. ¶ 18.

[2] The DIF documents are: 1511367, 1511368, 1511369, 1511370, 1511371, 1511372, 1511373, 1511374, 1511375, 1511376, 1511377, 1511378, 1511379, 1511380, 1511381, 1511382, 1511383, 1511384, 1511385, 1511386, 1511387, 1511388, and 1511389. As explained in Paragraph 19 of the Lambert Declaration, the CIA revisited its decision to deny document number 1511382 in full and produced a redacted version of the document as document number 1528474. Lambert Decl. ¶¶ 18, 19.

specialize in collecting information from many sources and drawing conclusions from all of the information gathered, as part of a "mosaic" of information gleaned from various sources and collected over time.  Id. ¶¶ 21, 22.  Such information could provide the pieces necessary to expose CIA sources, methods, organization, or functions, including but not limited to, the CIA's internal personnel and security procedures and the CIA's internal procedures used to conceal the affiliation between the CIA and its covert officers.  Id.  Disclosure of this information would help foreign intelligence services, inter alia, circumvent the CIA's security procedures, identify the CIA's covert officers, and, possibly, infiltrate the CIA.  Id.

Significantly, redacting the requested regulations does not resolve the problem.  Id. ¶ 23. Rather, disclosure of even heavily redacted regulations will begin a process of disclosing ever greater amounts of information contained in the regulations.  Id.  Although the withheld information in many of the regulations at issue may appear harmless in isolation, a decision to disclose apparently harmless pieces of information in this case presents the danger that the same analysis will be applied to disclose additional (apparently harmless) pieces of individual regulations in response to future requests.  Id.  The result would be a detailed mosaic of the CIA's intelligence sources and methods, organization, and functions being made available to entities hostile to the United States.  Id.

Moreover, the CIA has previously released the segregable, non-exempt portions of regulations in the past.  Id. ¶ 29.  As a result, the CIA must also consider this FOIA request in the context of earlier, regulation-related requests.  Id.  While a single request for regulations may appear insignificant on its own, the request can become critically important when viewed in conjunction with the other regulation-related requests.  Id.  This consideration is particularly

-5-

exigent in this case, where the Plaintiff seeks the wholesale release of internal CIA regulations which, taken together, provide a unique insight into the mission, priorities, function, and organizational behavior of the CIA.  Id.

## ARGUMENT

The FOIA, 5 U.S.C. § 552, represents a balance struck by Congress "'between the right of the public to know and the need of the Government to keep information in confidence.'"  John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989) (quoting H.R. Rep. 89-1497, 89th Cong., 2d Sess. 6 (1966)).  Thus, while the FOIA requires agency disclosure under certain circumstances, the statute recognizes "that public disclosure is not always in the public interest." Baldrige v. Shapiro, 455 U.S. 345, 352 (1982).  Consequently, the FOIA "provides that agency records may be withheld from disclosure under any one of the nine exemptions defined in 5 U.S.C. § 552(b)."  Id.  "These exemptions reflect Congress' recognition that the Executive Branch must have the ability to keep certain types of information confidential."  Hale v. DOJ, 973 F.2d 894, 898 (10th Cir. 1992), vacated on other grounds, 509 U.S. 918 (1993).  As the Supreme Court has stressed, the statutory exemptions must be construed "to have a meaningful reach and application."  John Doe, 493 U.S. at 152.

In a judicial review of an agency's response to a FOIA request, the agency has the burden of justifying nondisclosure, and the court reviews de novo the agency's action.  See 5 U.S.C. § 552(a)(4)(B); Wolf v. CIA, 473 F.3d 370, 374 (D.C. Cir. 2007).  Summary judgment is appropriate in a FOIA case when the agency's affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary

evidence in the record nor by evidence of agency bad faith." <u>Military Audit Project v. Casey</u>, 656 F.2d 724, 738 (D.C. Cir. 1981).  However, in a case concerning questions of national security, such as this one, the D.C. Circuit has instructed district courts to give "substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record." <u>Salisbury v. United States</u>, 690 F.2d 966, 970 (D.C. Cir. 1982).  <u>See</u> <u>Gardels v. CIA</u>, 689 F.2d 1100, 1104-05 (D.C. Cir. 1982); <u>Assassination Archives and Research Ctr. v. CIA</u>, 177 F. Supp. 2d 1, 5-6 (D.D.C. 2001), <u>aff'd</u>, 334 F.3d 55, 357 (D.C. Cir. 2003).

_____The attached declaration and <u>Vaughn</u> Index on behalf of the CIA show that the agency conducted reasonable searches in response to Plaintiff's FOIA request and appropriately withheld information pursuant to FOIA's Exemptions (b)(1), (b)(2), and (b)(3).  Because the declaration and <u>Vaughn</u> Index are reasonably detailed, submitted in good faith, and thoroughly explain the CIA's withholdings, the CIA is entitled to summary judgment.

## I.    THE CIA'S SEARCH FOR RESPONSIVE RECORDS WAS REASONABLE.

The FOIA requires that an agency conduct a "reasonable" search for responsive records using methods which can be reasonably expected to produce the information requested by Plaintiff to the extent it exists.  <u>See</u> 5 U.S.C. § 552(a)(3)(C); <u>Weisburg v. DOJ</u>, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  The agency need not "set forth with meticulous documentation the details of an epic search for the requested records," <u>Perry v. Block</u>, 684 F.2d 121, 127 (D.C. Cir. 1982), but it must demonstrate that it has conducted a search "reasonably calculated to uncover all relevant documents." <u>Weisberg v. DOJ</u>, 745 F.2d 1476, 1485 (D.C. Cir. 1984); <u>see also</u> <u>Oglesby v. Dep't of the Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990) ("In order to obtain summary judgment the agency must show that it made a good faith effort to conduct a search for the requested

records, using methods which can be reasonably expected to produce the information requested."). Failure to uncover a responsive document does not render the search inadequate: "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." Weisberg, 745 F.2d at 1485. Importantly, the agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located. See Western Ctr. for Journalism v. IRS, 116 F. Supp. 2d 1, 9 (D.D.C. 2000), aff'd, 22 Fed. Appx. 14 (D.C. Cir. 2001) (per curiam). Agency declarations are the appropriate vehicle to show that an agency's search was reasonable, and are afforded a presumption of good faith in this regard. See SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991); Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981) (per curiam).

In this case, the CIA conducted a search that was reasonably calculated to uncover responsive documents by searching the searchable records system in which its regulations are maintained. Lambert Decl. ¶ 15. Because the parties had agreed to limit Plaintiff's FOIA request to a request for the version of the CIA's regulations that were in effect as of June 27, 2007, the CIA did not search for earlier (or later) versions of the regulations. This search yielded the seventy-six regulations responsive to Plaintiff's FOIA request. Given that Plaintiff's request was limited to these regulations, the CIA's search was appropriately targeted at uncovering responsive documents within the agency.

## II.    THE CIA PROPERLY WITHHELD CLASSIFIED INFORMATION PURSUANT TO EXEMPTION (b)(1).

The Plaintiff challenges the CIA's withholdings of twenty-one documents withheld in full

and in part pursuant to FOIA Exemption 1.[3]  The CIA was fully justified in withholding this properly classified national security information.

### A.    Requirements under Exemption (b)(1).

Exemption 1 protects records that are:  (1) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy, and (2) are in fact properly classified pursuant to Executive Order.  See 5 U.S.C. § 552 (b)(1).  Substantial weight is accorded to an agency's determination that potential harm merits classification of particular information.  See, e.g., Frugone v. CIA, 169 F.3d 772, 775 (D.C. Cir. 1999); Taylor v. Dep't of the Army, 684 F.2d 99, 109 (D.C. Cir. 1982); Military Audit Project, 656 F.2d at 745; Washington Post v. DOD, 766 F. Supp. 1, 6-7 (D.D.C. 1991).  A court should be reluctant to second-guess such agency determinations in a FOIA case implicating national security.  Students Against Genocide v. Dep't of State, 257 F.3d 828, 837 (D.C. Cir. 2001); Halperin v. CIA, 629 F.2d 144, 148 (D.C. Cir. 1980).  Accordingly, summary judgment for the government in an Exemption 1 FOIA action should be granted on the basis of agency affidavits if they simply contain "reasonable specificity" rather than conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith. Halperin, 629 F.2d at 148.  Further, if after putting as much information on the public record as possible, it is still not possible to address adequately the withheld material without risking disclosure, the agency may submit additional explanations in camera and ex parte.  Phillippi v. CIA, 546 F.2d 1009, 1013 (D.C. Cir. 1976); Public Citizen, Inc., 100 F. Supp. 2d at 27, aff'd in

---

[3] Document numbers 1511253, 1511256, 1511261, 1511262, 1511271, 1511274, 1511275, 1511286, 1511288, 1511293, 1511294, 1511368, 1511369, 1511372, 1511375, 1511376, 1511377, 1511378, 1511379, 1511380, 1511387.

part, rev'd in part on other grounds, 276 F.3d 634 (D.C. Cir. 2002).

The relevant Executive Order currently in effect is Executive Order ("E.O.") 12958, "Classified National Security Information."  Exec. Order No. 12,958, 60 Fed. Reg. 19,825 (Apr. 20, 1995), reprinted as amended in 50 U.S.C. § 435 note (Supp. V 2005).  An agency can demonstrate that it has properly withheld information under Exemption 1 if it establishes that it has met the requirements of E.O. 12958, as amended.  Under E.O. 12958, as amended, information may be classified if:

> (1) an original classification authority is classifying the information;
>
> (2) the information is owned by, produced by or for, or is under the control of the United States Government;
>
> (3) the information falls within one or more of the categories of information listed in section 1.4 of this order; and
>
> (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security and the original classification authority is able to identify or describe the damage.

E.O. 12958, Sec. 1.1 (a), as amended; Lambert Decl. ¶ 39.  The agency must also follow the proper procedures in classifying the information.  Procedural requirements may be met by demonstrating that (1) each document is marked as required and stamped with the proper classification designation, E.O. 12958, Sec. 1.6(a)(1)-(5), as amended; (2) each document is marked to indicate clearly which portions are classified, which portions are exempt from declassification as set forth in E.O. 12958, Sec. 1.5(b), as amended, and which portions are unclassified, E.O. 12958, Sec. 1.6(a)(5)(c), as amended; (3) the prohibitions and limitations on classification specified in E.O. 12958, Sec. 1.7, as amended are adhered to; (4) the

declassification policies set forth in E.O. 12958, Sec. 3.1, as amended are followed; and (5) any reasonably segregable portion of the classified documents is declassified and marked for release, unless withholding is otherwise warranted under the law.  5 U.S.C. § 552(b); see also Salisbury v. United States, 690 F.2d 966, 970-73 (D.C. Cir. 1982); Military Audit Project, 656 F.2d at 737-38.

Classification decisions cannot be made in a vacuum, but must be examined in the context in which the information is found.  While it is true that "whenever possible, sensitive information must be disentangled from nonsensitive information to allow for the release of the latter," Ellsberg v. Mitchell, 709 F.2d 51, 57 (D.C. Cir. 1983), the inherent risk of disclosure involved in trying to separate classified and unclassified information is significant.  As the Court of Appeals put it: "[t]housands of bits and pieces of seemingly innocuous information can be analyzed and fitted into place to reveal with startling clarity how the unseen whole must operate." Halkin v. Helms, 598 F.2d 1, 8 (D.C. Cir. 1978).  Thus, facts that are in isolation unclassified, may be classified because when aggregated and discussed in the context of the responsive records, they would reveal another underlying fact, association, or relationship that is classified. Halperin, 629 F.2d at 150 (observing that "each individual piece of intelligence information, much like a piece of a jigsaw puzzle, may aid in piecing together other bits of information even when the individual piece is not of obvious importance in itself"); see also E.O. 12958, Sec. 1.7(e), as amended.

### B.    The CIA Followed the Mandated Procedures.

In determining that the information withheld under Exemption 1 is classified, the CIA has adhered to the mandated procedures.  Mr. Lambert has been delegated original TOP SECRET

classification authority by the Director of the CIA (whom the President has designated as an original Top Secret classification and declassification authority). E.O. 12958, Sec. 1.3(c)(2), as amended. Lambert Decl. ¶¶ 4, 41. The information classified is within the control of the United States, and the information falls within the categories of information listed in E.O. 12958, Sec. 1.4(c), as amended. Lambert Decl. ¶¶ 42, 43-49. Twelve documents that Mr. Lambert determined to be classified are marked at the "CONFIDENTIAL" level, since the unauthorized disclosure of these documents reasonably could be expected to result in damage to national security. Id. ¶ 54. Nine documents are classified "SECRET" because the unauthorized disclosure of the documents reasonably could be expected to result in serious damage to national security. Id.

Further, Mr. Lambert properly determined that "the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security," and both identified and described that damage. E.O. 12958, Sec. 1.1(a)(4), as amended. He also ensured that the procedural requirements were followed: that the documents were properly marked, with the proper declassification instructions and reasons for classification. Lambert Decl. ¶ 52.

C.    **The CIA Properly Withheld Information Concerning its Intelligence Activities, Sources, and Methods.**

The classified information withheld in this case contains information concerning the CIA's intelligence activities, sources, and/or methods. Id. ¶ 43. As detailed in the Lambert Declaration, intelligence activities lie at the core of the CIA's functions. Id. ¶ 44. Disclosure of information regarding specific intelligence activities would reveal the interests and capabilities of the CIA, and could be used by foreign intelligence services and others who have interests

opposed to those of the United States. These parties search constantly for information regarding the activities of the CIA, gather information from myriad sources, analyze this information, and create ways to defeat CIA activities from seemingly disparate pieces of information. Id. ¶ 44.

With respect to intelligence sources, the primary mission of the CIA is the collection of foreign intelligence through clandestine human sources. Id. ¶ 45. To collect useful intelligence, the CIA must often depend upon information that can only be gathered from knowledgeable human sources under an arrangement of absolute, lasting secrecy, which extends both to the existence of the source's relationship with the CIA and to the kind of information or type of operational assistance the source is supplying. Intelligence sources include individual human sources, foreign intelligence and security services, and foreign governments generally, and can be expected to furnish information only when confident they are protected from harm, retribution, or embarrassment by the absolute secrecy surrounding their CIA relationship. Id. ¶ 46. The safety and welfare of the source, his family and even his associates could be jeopardized if the CIA disclosed information that might compromise the source's identity or affiliation with the CIA. This sort of compromise could occur if the CIA were to reveal its internal regulations for handling clandestine human sources, as a foreign intelligence service with interests adverse to the United States could look for individuals behaving in accordance with the CIA's regulations. Likewise, a compromise could also occur if the CIA releases information that would allow foreign intelligence services to associate a CIA officer with a particular human source. The release of such information could ultimately allow a foreign intelligence service to identify the CIA's covert officers. Id.

Any compromise of the information about a source could also hamper future cooperation

-13-

with sources and damage ongoing intelligence efforts.  Id. ¶ 47.  If the U.S. Government breached the trust and confidentiality upon which those relationships are formed, current and potential sources across the globe could surmise the U.S. Government is unable or unwilling to maintain confidentiality and that further cooperation with our government is ill-advised.  If the compromise of a particular source becomes known, it would likely discourage other sources from cooperating with the CIA at a time when international cooperation is critical to combating terrorism.  Thus, protection of information concerning intelligence sources is among the most important responsibilities charged to the Director of the CIA.  Id.

Intelligence methods are the means by which an intelligence agency accomplishes its objectives.  Id. ¶ 48.  Intelligence methods include the basic business practices and methodological "tools" used by the CIA to accomplish its mission.  Each intelligence method must be protected from disclosure in every situation where a certain intelligence interest, capability or technique is unknown to those groups that could take countermeasures to nullify its effectiveness.  Once the nature of an intelligence method or the fact of its use in a certain situation is discovered, its usefulness in that situation is neutralized and the CIA's ability to apply that method in other situations is significantly degraded.  In fact, detailed knowledge of each intelligence method must be protected from disclosure because such knowledge would be of material assistance to those who seek to detect, prevent or damage U.S. intelligence operations.  Moreover, once an intelligence method or its use is discovered, the method may eventually be used against the CIA.  Id.

The term "intelligence methods" is not limited to sophisticated techniques and electronic devices.  Id. ¶ 49.  Rather, "intelligence methods" also include the special internal practices and

procedures of an intelligence agency.  One example of a method involves the means, contained in the regulations, by which the CIA assesses, evaluates, hires, and fires its employees.  These processes are comprised of many different phases which, when employed together, enable the CIA to determine the suitability of an applicant for service as a CIA employee.  Knowledge of, or insights into, such practices would be of invaluable assistance to those who wish to detect, penetrate, counter or evaluate CIA activities in ways inimical to U.S. security.  Id.

Thus, as noted above, and as detailed in the Lambert Declaration, the disclosure of the withheld information in these records would reveal classified information regarding the CIA's intelligence activities, sources, and/or methods.  Id. ¶ 55.  Such information would include, and would provide foreign intelligence services with valuable insights into:  the various categories of CIA personnel; the CIA's internal security policies and procedures, including those related specifically to the CIA's covert employees; the CIA's covert officers, including but not limited to, cover mechanisms used, the different types of CIA covert officers, how the CIA manages its covert employees, and how the CIA processes inquires related to its covert employees; certain responsibilities of the CIA's station chiefs; and the CIA's staffing procedures and the size and capabilities of the CIA's workforce.  Lambert Decl. ¶ 55.  Release of the classified information withheld from disclosure would also reveal classified details regarding the CIA's collection, use, retention, and management of classified human intelligence sources; the organization, management, and objectives of the CIA's military reserve program; and the training received by CIA employees, including language training.  Id.  Such information is properly protected under Exemption 1, and summary judgment should be granted to the CIA on these grounds.

### III.    THE CIA PROPERLY WITHHELD INFORMATION PURSUANT TO EXEMPTION (b)(3).

Much of the information withheld from disclosure to Plaintiff is exempt from disclosure under Exemption 3 because it concerns intelligence methods, CIA organizational information, and/or CIA functional information.[4]  Lambert Decl. ¶ 56.  Under Exemption 3,  FOIA does not require disclosure of information that is:

> specifically exempted from disclosure by statute (other than section 552b of this title) provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3).  "Exemption 3 differs from other FOIA exemptions in that its applicability depends less on the detailed factual contents of specific documents; the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage."  Fitzgibbon v. CIA, 911 F.2d 755, 761-62 (D.C. Cir. 1990).  Thus, with respect to the CIA's Exemption 3 claim, the sole task for the court "is to determine whether or not the material withheld falls within the exemption claimed    i.e., whether it relates to intelligence sources and methods."  Id. at 762.  In making this determination, the court is to "accord substantial weight and due consideration to the CIA's affidavits."  Id.

Mr. Lambert reviewed the documents responsive to Plaintiff's FOIA request and determined that the National Security Act, as amended, and the CIA Act, as amended, are the withholding statutes applicable to this case.  Lambert Decl. ¶ 56.

---

[4] All of the documents whose withholdings are challenged by Plaintiff contain information withheld on the basis of Exemption (b)(3).

**A. National Security Act of 1947**

Section 102A(i)(1) of the National Security Act, 50 U.S.C. § 403-1(i)(1), as amended, provides that the Director of National Intelligence ("DNI") "shall protect intelligence sources and methods from unauthorized disclosure." In <u>CIA v. Sims</u>, 471 U.S. 159, 167 (1985), the Supreme Court determined that the precursor to this provision of the National Security Act, which "call[ed] for the Director of Central Intelligence to protect 'intelligence sources and methods'" qualified as a withholding statute under Exemption 3. Section 102(A)(i) of the National Security Act transferred authority for protecting intelligence sources and methods from the Director of Central Intelligence to the DNI. Courts that have addressed the issue have held that the new statute similarly qualifies as a withholding statute under Exemption 3. <u>See</u>, <u>e.g.</u>, <u>Nat'l Security Archive Fund v. CIA</u>, 402 F. Supp. 2d 211, 222 (D.D.C. 2005) (protecting CIA's intelligence sources and methods found in the 2004 Iraq National Intelligence Estimate under 50 U.S.C. § 403-1(i)(1) and Exemption 3).

In this case, Mr. Lambert reviewed the challenged RIP and DIF documents and determined that disclosure of the information withheld would reveal intelligence sources and methods. Lambert Decl. ¶ 57. For this reason, the DNI authorized the Director of the CIA to take all necessary and appropriate measures in this case to ensure that intelligence sources and methods are protected from disclosure. <u>Id.</u> Accordingly, the CIA relies on the National Security Act to withhold any information that would reveal intelligence sources and methods. <u>Id.</u>

As noted above, the definition of "intelligence methods" is not limited to sophisticated techniques and electronic devices. Lambert Decl. ¶ 58. Rather, "intelligence methods" include the special practices and procedures of an intelligence agency. The National Security Act

-17-

exempts the information withheld from regulations in this case because disclosure of such special

practices and procedures (such as those contained in the regulations) would reveal the CIA's

intelligence sources and methods.  Id.

**B.    Central Intelligence Agency Act of 1949**

Section 6 of the CIA Act, 50 U.S.C. § 403g, as amended, provides further authority for

withholdings under Exemption 3.  That provision provides:

> In the interests of the security of the foreign intelligence activities of the United
> States and in order to further implement section 403-1(i) of this title that the
> Director of National Intelligence shall be responsible for protecting intelligence
> sources and methods from unauthorized disclosure, the . . . [CIA] shall be
> exempted from . . . the provisions of any other law which require the publication
> or disclosure of the organization, functions, names, official titles, salaries, or
> numbers of personnel employed by the Agency.

Like section 102(A)(i)(1) of the National Security Act, section 6 of the CIA Act also meets the

requirements for withholding information under FOIA Exemption 3.  See, e.g., Military Audit

Project, 656 F.2d at 737 n.39; Morley v. CIA, 453 F. Supp. 2d 137, 150-151 (D.D.C.,2006)

(protecting CIA employee names and personal identifiers under section 6 of the CIA Act and

Exemption 3), rev'd on other grounds, 508 F.3d 1108 (D.C. Cir. 2007); Judicial Watch, Inc. v.

Dep't of Commerce, 337 F. Supp. 2d 146, 167-68 (D.D.C. 2004) (same).

As the CIA's primary function is to collect intelligence through human sources and by

other appropriate methods, section 6 of the CIA Act authorizes the CIA to withhold "intelligence

sources" and "intelligence methods" that are related to the CIA's core function.  50 U.S.C. §

403g, as amended; Lambert Decl. ¶ 60.  Moreover, section 6 of the CIA Act authorizes specific

and absolute protection from disclosure of CIA employees' names and personal identifiers (e.g.,

employee signatures, employee numbers, or initials), titles, file numbers, and internal

organizational data.  Id.

In contrast to Executive Order 12958, neither the National Security Act's statutory requirement to protect intelligence methods nor the CIA Act's statutory requirement to further protect intelligence sources and methods by protecting CIA organization and functions, requires the CIA to identify or describe the damage to national security that reasonably could be expected to result from unauthorized disclosure.  See, e.g., Hayden v. Nat'l Security Agency/Central Sec. Serv., 608 F.2d 1381, 1390 (D.C. Cir. 1979) (stating that specific showing of potential harm to national security was unnecessary under Exemption 3, because in enacting withholding statute Congress had already decided that disclosure of information covered by statute was potentially harmful).  Thus, Mr. Lambert's determination that Exemption 3 applies to preclude disclosure of information within the regulations that would lead to disclosure of "intelligence methods," in the form of the special practices and procedures of the CIA, is entitled to substantial weight, and should be upheld.

## C.     Information Withheld Under Exemption (b)(3)

CIA properly determined to withhold exempt information and documents from release under Exemption 3 where that information, if disclosed, would reveal CIA sources, methods, organization, and functions.  Lambert Decl. ¶ 62.  Pursuant to Exemption 3, and also under Exemption 2, the CIA withheld, for example internal policies and regulations, employee numbers, employee titles, employee telephone numbers, agency regulation numbers, and internal CIA organizational information.  On the basis of the CIA Act, section 6 and, thus, under Exemption 3, this information is absolutely protected from disclosure by law.  Id.

Similarly, every CIA regulation is a piece of a mosaic of information reflecting the CIA's

-19-

overall organization and function.  Id. ¶ 63.  The disclosure of CIA regulations   even in part

would assist foreign intelligence services to compile and organize information they need to

develop a clear picture of the CIA's methods, organization, and function.  Id.  Thus, any

evaluation of whether the CIA should release a regulation must be done with awareness that any

information released can be analyzed in light of other information (i.e., other pieces of the

"mosaic") that might lead to the exposure of the CIA's intelligence sources, intelligence methods,

organization, and/or functions.  Id. ¶ 64.  Because even portions of CIA regulations may provide

insight to knowledgeable readers as to the CIA's capabilities, accomplishments, methodologies,

and judgments over time, the agency must protect against broad release of CIA regulations

through a request such as the Plaintiff's, as such a release could provide a substantial piece of any

"mosaic" that a hostile entity might assemble to use against the United States.  Id.  As a result,

Mr. Lambert determined the CIA properly identified and withheld information, under Exemption

3, from release to Plaintiff where that information discloses the CIA's sources, methods,

organization, and functions.  Id.  Pursuant to section 102(A)(i)(1) of the National Security Act

and section 6 of the CIA Act, that information is exempt from production under Exemption 3.

Summary judgment should be granted to the CIA on its Exemption 3 withholdings.

## IV.    THE CIA PROPERLY WITHHELD INFORMATION PURSUANT TO
## EXEMPTION (b)(2).

Exemption 2 protects from disclosure "matters that are . . . related solely to the internal

personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  Information falls within this

category if it is "used for predominantly internal purposes."  Schiller v. NLRB, 964 F.2d 1205,

1207 (D.C. Cir. 1992) (quoting Crooker v. ATF, 670 F.2d 1051, 1073 (D.C. Cir. 1981) (en

banc)).  Exemption 2 has been held to exempt two types of information:  (1) information the release of which would risk circumvention of the law, and (2) "internal matters of a relatively trivial nature."  Wiesenfelder v. Riley, 959 F. Supp. 532, 535 (D.D.C. 1997).  The former application of the exemption is known as "high 2," while the latter is known as "low 2."  Id.  The court applies a two-step process to determine whether records fall within Exemption 2:  "First, the material withheld should fall within the terms of the statutory language. . . . Second, [i]f so, the agency may defeat disclosure by proving that either disclosure may risk circumvention of agency regulation, . . . or the material relates to trivial administrative matters of no genuine public interest."  Morley v. CIA, 508 F.3d 1108, 1124 (D.C. Cir. 2007) (internal quotations omitted).  As it relates to the internal regulations of the Agency, all of the information that the CIA is withholding under Exemption 2 is related solely to the internal practices and procedures of the Agency.[5]  The CIA has properly asserted Exemption 2 in this case.

### A.     "High 2" Withholdings

The "high 2" exemption applies in this case to exempt from disclosure internal information, the disclosure of which may facilitate circumvention of CIA regulations.  Lambert Decl. ¶ 66; Schiller, 964 F.2d at 1207.  All of this information is "predominantly internal" information that does not purport to regulate the general public's activities, and does not set standards that CIA personnel must follow when deciding whether to proceed against or to take action affecting members of the public.  Lambert Decl. ¶ 66; see Crooker, 670 F. 2d at 1069.

In addition, the material was withheld under the high 2 exemption because disclosure of

---

[5] All of the documents whose withholdings are challenged by Plaintiff contain information withheld on the basis of Exemption (b)(2).

the material would "significantly risk circumvention of federal statutes or regulation." Lambert

Decl. ¶ 67; Crooker, 670 F.2d at 1053. While the Vaughn Index explains which specific

exemption is applicable to which document, in general, the high 2 information withheld from

disclosure includes internal security policies and procedures associated with CIA employees and

foreign nationals. Id. ¶ 67; see, e.g., Document Numbers 1511250 (withholding information that

would disclose internal procedures relating to CIA personnel, revealing the nature of

investigatory activities and security requirements); 1511295 (withholding information that would

disclose internal operational procedures); 1511376 (withholding information that would disclose

internal standards, activities, priorities, procedures, and functions). The disclosure of such

information could both affect the behavior of the foreign nationals addressed in the regulations

(through the description of procedures governing CIA personnel) and provide foreign intelligence

services with keen insights on how to circumvent the CIA's security regulations. Lambert Decl.

¶ 67. Other RIP and DIF documents contain high 2 information relating to the training

procedures for a specific category of CIA employees. Id. If disclosed, this information would

allow adversaries keen insights into the CIA's operational and training methods. Id. Similarly,

information revealing security clearance procedures and policies has been withheld under the

high 2 exemption where disclosure of the information could render those procedures vulnerable

and weaken their effectiveness. Id.; see, e.g., Document Number 1511250 ("Security Clearances,

Accesses, and Approvals"); Schiller, 964 F.2d at 1208 (noting that D.C. Circuit has held that

"where disclosure of a particular set of documents would render those documents operationally

useless, the Crooker analysis is satisfied whether or not the agency identifies a specific statute or

regulation threatened by disclosure") (internal citations omitted); Crooker, 670 F.2d at 1073

(Exemption 2 applied to agency training manual designed to establish rules and practices (including information on surveillance techniques) for agency personnel).

In addition, disclosure of the high 2 information contained in the RIP and DIF documents also could risk circumvention of these regulations through a "mosaic" approach.  Lambert Decl. ¶ 68; see, e.g., Document Number 1511261 (information withheld under high 2 in the context of other regulations released in whole and in part); 1511295 (same); Halperin, 629 F.2d at 150.  As noted above, information that may seem innocuous on its face can nonetheless be combined with similar information and used to circumvent CIA regulations.  Id.  Information withheld from disclosure in the RIP and DIF documents could, when combined with other information that has been released to the public, provide foreign intelligence services with specific insights into the CIA's sources, methods, security procedures, organization, and functions, and allow them to thwart the CIA's regulations and procedures.  PHE, Inc. v. DOJ, 983 F.2d 248, 249-50 (D.C. Cir. 1993) (stating that Exemption 2 is applicable to materials if their disclosure would risk circumvention of law or agency regulations).  Thus, because the information that the CIA withheld under the high 2 exemption is predominantly internal and disclosure would "significantly risk circumvention of federal statutes or regulation," the CIA's withholdings under the high 2 exemption should be upheld.

### B. "Low 2" Information.

The CIA also invoked Exemption 2 to withhold "low 2" information from disclosure. Lambert Decl. ¶ 69; Vaughn Index.  The low 2 information withheld from these documents is internal information and not of any genuine public interest.  Id.  Like the information withheld under the high 2 exemption, information that CIA has withheld from disclosure under the low 2

exemption does not purport to regulate the public's activities or set standards CIA personnel must follow when deciding whether to proceed against or take action affecting members of the public. Lambert Decl. ¶ 69; Crooker, 670 F. 2d at 1069. The information withheld under the low 2 exemption includes:  job titles, employee grievance procedures, procedures for performance evaluations, occupational codes, grades, reassignment procedures, guidelines for Exceptional Performance Awards, and eligibility criteria for benefits specific to CIA employees and their families, and the names and position titles of CIA employees with original classification authority. Lambert Decl. ¶¶ 69, 71; see, e.g., Document Number 1511295 (withholding information including internal CIA regulation numbers, internal CIA telephone numbers, internal agency procedures for classification and declassification of CIA information, internal agency organizational units and functions, official titles, employee functions, document preparation and maintenance instructions, information relating to employee training, internal approval procedures, instruction and database requirements for internal processing of information release determinations, employee identification number, database fields for document management).

    Other personnel information withheld from disclosure under the low 2 exemption includes policies on employment of uniformed service members, employee health and life insurance policies, child care policies, income tax withholding and reporting procedures, dispute resolution procedures for employee-related internal disputes, and internal procedures for employment-related complaints. Lambert Decl. ¶ 69; see, e.g., Document Numbers 1511367 ("Employment of Members in the Uniformed Services"); 1511379 ("Employee Insurance");1511385 ("Dispute Resolution"); 1511386 ("Employee Complaint System"). Such information is properly withheld under the low 2 exemption.  See Schiller, 964 F.2d at 1208

-24-

(upholding exemption 2 for internal time deadlines and procedures, recordkeeping directions, instructions on contacting agency officials for assistance, and guidelines on agency decisionmaking); Edmonds v. FBI, 272 F. Supp. 2d 35, 50-51 (D.D.C. 2003) (upholding low (b)(2) exemption for FBI internal rules and regulations for granting waivers from ordinary language testing requirements).  In addition, the CIA has marked several of these regulations with the internal dissemination control "Administrative - Internal Use Only" or "AIUO" to indicate they pertain solely to internal CIA matters.  Lambert Decl. ¶ 69; Edmonds, 272 F. Supp. 2d at 51 (upholding Exemption 2 where, inter alia, redacted information was marked "For internal use only").

Where the procedures relate solely to internal CIA personnel practices, internal information concerning procedures for CIA employees which the CIA uses to administer its declassification and release policy has also been withheld under Exemption 2.  Id. ¶ 70. Segregable nonexempt public information concerning policies for actions affecting the public in these regulations has been provided to Plaintiff.  Id.

The same information may fall under more than one FOIA exemption for disclosure.  For example, disclosure of the names and position titles of individuals delegated original classification authority are exempt under both low 2 and high 2.  Id. ¶ 73.  In addition, several of the Office of Security regulations at issue in this case contain exempt information concerning internal agency personnel policies for employees and managers to resolve security-related issues, and related tracking and recordkeeping information associated with those functions.  Lambert Decl. ¶ 72; see, e.g., Document Number 1511387 ("Security Regulation of CIA Employees"). This information has been properly withheld on the basis of both low 2    administrative matters

associated with record tracking and filing in which the public has no legitimate interest and high

2   information concerning security practices which, if disclosed, would enable members of the

public to disrupt or circumvent the CIA's security procedures.  Summary judgment should be

granted to the defendant on its Exemption 2 withholdings.

**V.    THE CIA HAS REASONABLY SEGREGATED EXEMPT PORTIONS OF THE RESPONSIVE DOCUMENTS.**

The FOIA requires agencies to release "any reasonably segregable portion of a record . . .

after deletion of the portions which are exempt under this subsection."  5 U.S.C. § 552(b).

Consistent with this obligation, the CIA has provided Plaintiff with as much non-exempt

information as possible without compromising the interests in nondisclosure protected by the

FOIA.  Lambert Decl., ¶¶ 16, 19, 70, 75-76.  Thus, the CIA's segregation of the information at

issue is reasonable.

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court should grant summary judgment in favor of the CIA.

Dated: April 25, 2008

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director


 /s/  Vesper Mei_____
VESPER MEI

-26-

(D.C. Bar No. 455778)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 514-4686
Facsimile:  (202) 616-8470 (fax)
E-mail: vesper.mei@usdoj.gov

Counsel for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE JAMES MADISON PROJECT,  )
            )
    Plaintiff,   )
            )
  v.       )  Case No. 1:07cv01154 (RMU)
            )
CENTRAL INTELLIGENCE AGENCY, )
            )
    Defendant.  )
            )
_____)

## [DEFENDANT'S PROPOSED]
## ORDER GRANTING SUMMARY JUDGMENT

   The defendant Central Intelligence Agency has moved for summary judgment in this action pursuant to Rule 56 of the Federal Rules of Civil Procedure.

   Upon consideration of Defendant's motion and of all materials submitted in relation to the motion, IT IS HEREBY ORDERED that

   Defendant's motion be, and it hereby is, GRANTED.

Dated: _____, 2008

         _____
         THE HONORABLE RICARDO M. URBINA
         UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE JAMES MADISON PROJECT,      )
                                )
          Plaintiff,            )
                                )
     v.                         )      Case No. 1:07cv01154 (RMU)
                                )
CENTRAL INTELLIGENCE AGENCY,    )
                                )
          Defendant.            )
_____ )

**DECLARATION OF JOSEPH W. LAMBERT,**
**DIRECTOR, INFORMATION MANAGEMENT SERVICES, OFFICE**
**OF THE CHIEF INFORMATION OFFICER, CENTRAL INTELLIGENCE AGENCY**

I, JOSEPH W. LAMBERT, hereby declare and say:

1.  I am the Director of Information Management Services

("IMS") within the Office of the Chief Information Officer of

the Central Intelligence Agency ("CIA").  I was selected for

this position on 7 December 2007.  I have held several senior,

operational, and administrative positions in the CIA since 1984.

2.  IMS's mission is to administer the CIA's information

management program, which includes information and records

management, classification management, declassification review

and, when authorized and appropriate, the release of CIA

information to the public.  The Regulatory Services Branch, a

component of IMS, is responsible for publishing and maintaining

all CIA regulations.

3.  As Director of IMS, I am responsible for management of

the CIA's information review and release functions.  Further,

since the Regulatory Services Branch is a component of IMS, I have overall responsibility for the CIA's regulatory process. As Director of IMS, I must therefore approve the public disclosure of any CIA regulations.

4.  As a senior CIA official and under a written delegation of authority pursuant to section 1.3(c) of Executive Order 12958, as amended,[1] I hold original classification authority at the TOP SECRET level.  Accordingly, I am authorized to conduct classification reviews and make original classification and declassification decisions.

5.  Through the exercise of my official duties, I am familiar with this civil action.  I make the following statements based upon my personal knowledge and information made available to me in my official capacity.

6.  The purpose of this declaration is to describe, to the extent possible on the public record:  a) the CIA's search for records responsive to Plaintiff The James Madison Project's FOIA request; b) the responsive records the CIA located; and c) the FOIA exemptions upon which the CIA relied to withhold exempt information contained in the records responsive to Plaintiff's FOIA request.

---

[1] Executive Order 12958 was amended by Executive Order 13292.  See Exec. Order No. 13,292, 68 Fed. Reg. 15,315 (Mar. 28, 2003).  All citations to Executive Order 12958 are to the Order as amended by Executive Order 13292.  See Exec. Order No. 12,958, 60 Fed. Reg. 19,825 (Apr. 20, 1995), reprinted as amended in 50 U.S.C. § 435 note (Supp. V 2005).

7.  Plaintiff's FOIA request seeks the release of all internal CIA regulations pertaining to several identified categories of information, including but not limited to, CIA personnel procedures, internal CIA organizational units, CIA functions, and CIA security procedures.  Due to the unique mission and authorities of the CIA, a request for the public disclosure of internal CIA regulations raises policy concerns of an extraordinary nature which Congress specifically anticipated early in the CIA's history.  As I will describe further in this declaration, Congress specifically intended to protect the CIA from the risks of such public disclosure.

8.  The CIA, an independent federal agency, was created by the National Security Act of 1947 ("National Security Act") to serve as a unique entity within the United States Government. Designed as a *secret* intelligence agency, the CIA was created to support national policymakers by collecting, analyzing, producing, and disseminating foreign intelligence information, using clandestine means; and conducting special activities as authorized by the President.  In recognition that the CIA could conduct its national security mission most effectively in secret, Congress enacted the Central Intelligence Agency Act of 1949 ("CIA Act")--which shields information related to the CIA's organization, functions, and employees from the provisions of any law requiring public disclosure.  Specifically, section 6

provides the CIA "shall be exempted" from the provisions of any law which require the "publication or disclosure of the organization, functions, names, official titles, salaries, or numbers of personnel employed by the Agency."[2]

9.  A wholesale request for the public release of internal CIA regulations--particularly where such a request could be repeated over time to develop an evolving picture of CIA organizational behavior priorities, systems, procedures, and methods--presents unique risks to the CIA's operational effectiveness which Congress anticipated and against which it explicitly protected the CIA by statute.

10.  For the Court's convenience, I divided this declaration into six parts:  a) Plaintiff's FOIA request; b) the procedural history of this case, including the CIA's search for records responsive to Plaintiff's FOIA request; c) background on the CIA's regulations; d) background on the CIA's records systems; e) the FOIA exemptions applicable to the information withheld from records responsive to Plaintiff's FOIA request; and f) conclusion.  Attached as Exhibit A to this declaration, and incorporated by reference herein, is a <u>Vaughn</u> Index which: a) describes the responsive records challenged by Plaintiff; b) identifies the FOIA exemptions applicable to the responsive records challenged by Plaintiff; and c) explains why the

---

[2] 50 U.S.C. § 403g (Supp. V 2005).

applicable FOIA exemptions justify withholding information from the responsive records challenged by Plaintiff.

## I.  PLAINTIFF'S FOIA REQUEST

11.  Plaintiff submitted its initial FOIA request by letter dated 18 May 2000.  See Letter from Zaid to Dyer of 5/18/00, attached as Exhibit B.  Plaintiff's request sought copies of all internal CIA regulations on or pertaining to:

> (1) personnel issues;
> (2) the granting or revocation of security clearances;
> (3) grievance procedures;
> (4) disciplinary procedures;
> (5) the Prepublication Review Board;
> (6) declassification of information;
> (7) the Historical Advisory Board; and
> (8) the implementation of the Freedom of Information and Privacy Acts.

The CIA determined that Plaintiff's FOIA request sought information within the nondisclosure provisions of the CIA Act. As noted above, the CIA Act specifically exempts information regarding CIA organization, functions, names, official titles, salaries, or numbers of personnel employed by the CIA from the provisions of any law requiring public disclosure.

12.  By way of background, Paragraphs 20 through 30 below provide the Court with a factual description of the CIA's search procedures and decentralized recordkeeping system.  In this case, however, Plaintiff's request was sufficiently specific to enable the CIA to locate responsive records with a search

focusing on the relevant record systems that the CIA reasonably believed would contain internal CIA regulations.

## II.  PROCEDURAL HISTORY

13.  On 26 July 2002, the CIA sent Plaintiff a letter denying Plaintiff's FOIA request.  See Letter from Dyer to Zaid of 7/26/02, attached as Exhibit C.  Therein, the CIA cited FOIA exemption (b)(3) as its legal authority for withholding all previously unreleased internal CIA regulations responsive to Plaintiff's FOIA request.  See id.  On 8 August 2002, Plaintiff appealed the CIA's decision to withhold records responsive to Plaintiff's FOIA request.  See Letter from Zaid to Dyer of 8/8/02, attached as Exhibit D.  On 20 August 2002, the CIA accepted and acknowledged Plaintiff's appeal.  See Letter from Dyer to Zaid of 8/20/02, attached as Exhibit E.  Therein, the CIA advised Plaintiff that a backlog of approximately 360 FOIA appeals would likely delay Plaintiff's appeal.  See id.

14.  Plaintiff filed the instant action on 27 June 2007. The CIA filed its Answer on 24 August 2007.  Pursuant to this Court's order, the parties filed a Joint Status Report on 24 September 2007.  See J. Status Report, attached as Exhibit F. Therein, the parties agreed, inter alia:  a) to limit the scope of Plaintiff's FOIA request to the version of the requested CIA regulations in effect as of 27 June 2007; and b) that the CIA would process and release any non-exempt documents or portions

of documents responsive to Plaintiff's request by 11 January 2008. See id.

15. The CIA conducted a reasonable and adequate search for records responsive to Plaintiff's FOIA request. The CIA maintains its regulations in a searchable records system. CIA personnel reasonably calculated this records system would contain the records responsive to Plaintiff's FOIA request. Pursuant to the parties' agreement, the CIA limited its search to the version of the requested regulations in effect as of 27 June 2007. The CIA did not search for earlier versions of the requested regulations. The CIA located seventy-six regulations responsive to Plaintiff's FOIA request.

16. IMS personnel, in the ordinary course of their information management responsibilities, reviewed the responsive regulations to determine whether any FOIA exemptions applied and whether any non-exempt information was reasonably segregable from exempt information. I reviewed their determinations in my capacity as Director of IMS. I determined the CIA could release fifty-three of the seventy-six internal CIA regulations responsive to Plaintiff's FOIA request after the segregable, exempt information in these records was withheld from disclosure under applicable FOIA exemptions. I refer to these released-in-part ("RIP") records as "RIP documents." I further determined that twenty-three of the internal CIA regulations responsive to

Plaintiff's FOIA request were wholly exempt from disclosure under applicable FOIA exemptions.  I refer to these denied-in-full ("DIF") records as "DIF documents."  In my capacity as Director of IMS, I determined the DIF documents did not contain segregable, non-exempt information.  Through the exercise of my official duties, I determined the withheld information contained in the RIP and DIF documents is exempt from disclosure pursuant to FOIA exemptions (b)(1), (b)(2), and (b)(3).

17.  Pursuant to the parties' agreement, the CIA produced the fifty-three RIP documents to Plaintiff on 10 January 2008. See Letter from Koch to Zaid of 1/10/08, attached as Exhibit G.

18.  On or about 31 January 2008, Plaintiff advised the CIA that it challenged the CIA's determination to withhold segregable, exempt information in the following twenty-five RIP documents:

- 1511250,
- 1511253,
- 1511256,
- 1511259,
- 1511261,
- 1511262,
- 1511264,
- 1511266,

- 1511268,
- 1511270,
- 1511271,
- 1511272,
- 1511274
- 1511275,
- 1511281,
- 1511283,

- 1511286,
- 1511287,
- 1511288,
- 1511293,
- 1511294,
- 1511295,
- 1511296,
- 1511297, and
- 1511300.

I understand Plaintiff also challenges the CIA's decision to withhold the twenty-three DIF documents:

- 1511367,
- 1511368,
- 1511369,
- 1511370,
- 1511371,
- 1511372,
- 1511373,
- 1511374,

- 1511375,
- 1511376,
- 1511377,
- 1511378,
- 1511379,
- 1511380,
- 1511381,
- 1511382,[3]

- 1511383,
- 1511384,
- 1511385,
- 1511386,
- 1511387,
- 1511388, and
- 1511389.

I understand Plaintiff does not challenge the CIA's
determination to withhold segregable, exempt information from
disclosure in the remaining twenty-eight RIP documents.[4]
Accordingly, this declaration and the accompanying <u>Vaughn</u> Index
discuss the documents and related FOIA exemptions challenged by
Plaintiff.  This declaration and accompanying <u>Vaughn</u> Index do
not address the twenty-eight uncontested RIP documents.

   19.  Since its initial production of documents on
10 January 2008, the CIA has revisited its decision to deny
document number 1511382 in its entirety.  In my capacity as
Director of IMS, I reconsidered the previous determination to
withhold the entire regulation and determined nonexempt
information can reasonably be segregated from the exempt
information and released.  I approved both the release of the

---

[3] As I explain in Paragraph 19 below, the CIA revisited its decision to deny
document number 1511382 in full and produces a redacted version of this
document as document number 1528474.
[4] Specifically, Plaintiff does not challenge the CIA's determination to
withhold exempt information from release in the following twenty-eight (28)
documents: 1511251, 1511252, 1511254, 1511255, 1511257, 1511258, 1511260,
1511263, 1511265, 1511267, 1511269, 1511273, 1511276, 1511277, 1511278,
1511279, 1511280, 1511282, 1511284, 1511285, 1511289, 1511290, 1511291,
1511292, 1511298, 1511299, 1511301, and 1511302.

segregable, non-exempt information in document number 1511382,
as well as the withholding of non-segregable, exempt information
in document number 1511382.  The CIA relies upon FOIA exemptions
(b)(2) (including both high (b)(2) and low (b)(2)) and (b)(3) to
withhold the non-segregable, exempt information in this
document.  The CIA attaches a copy of the revised document
number 1511382, numbered 1528474, to this declaration.

## IV.  BACKGROUND ON THE CIA'S INTERNAL REGULATIONS

20.  Plaintiff requested CIA regulations on eight specific
topics:  a) personnel issues; b) the granting or revocation of
security clearances; c) grievance procedures; d) disciplinary
procedures; e) the Prepublication Review Board;
f) declassification of information; g) the Historical Advisory
Board; and h) the implementation of the Freedom of Information
and Privacy Acts.

21.  While many of the regulations may seem innocuous on
their face, all of these documents contain sensitive information
regarding the internal workings of a clandestine intelligence
agency.  While the disclosure of a single regulation or part of
a regulation may appear harmless, such information may be very
valuable as part of a "mosaic" of information gleaned from
various sources, including regulations or pieces of regulations,
collected over time.  Though one datum may appear harmless when
taken out of context and by itself, one cannot determine the

potential harm of releasing a single piece of information merely by examining it out of context or even within a review of the document from which it came.

22.  Foreign intelligence services specialize in collecting information from many sources and drawing conclusions from all of the information gathered.  Known as the "mosaic theory," this process is a theory in name only.  It is one of the primary methods employed by all intelligence services.  The CIA's Directorate of Intelligence, for example, is itself dedicated to collecting seemingly disparate pieces of information and assembling them into a coherent picture of foreign intelligence targets' activities and intentions.  Information contained in the CIA's internal regulations that seems innocuous on its face can provide the pieces necessary to complete a puzzle and expose CIA sources, methods, organization, or functions, including but not limited to, the CIA's internal personnel and security procedures and the CIA's internal procedures used to conceal the affiliation between the CIA and its covert officers.  Disclosure of this information would help foreign intelligence services, *inter alia*, circumvent the CIA's security procedures, identify the CIA's covert officers, and, possibly, infiltrate the CIA.

23.  Significantly, redacting the requested regulations does not resolve the problem.  Rather, disclosure of even heavily redacted regulations will begin a process of disclosing

ever greater amounts of information contained in the regulations as a series. As the withheld information in many of the regulations at issue appears harmless in isolation, the decision to disclose this information presents the danger that the same analysis will be applied repeatedly to pieces of individual regulations responsive to future disclosure requests. Indeed, when one analyzes the majority of the withheld information in piecemeal fashion, there does not appear to be a principled point at which to stop disclosure of additional regulations in the future as each piece of information appears individually harmless. The result will be a detailed mosaic of the CIA's intelligence sources and methods, organization, and functions being made available to entities hostile to the United States.

## VI.  THE CIA'S RECORD SYSTEMS AND PROCESSING OF FOIA REQUESTS

24.  The CIA continually faces the risk that there may be a spy within its ranks. Prudence dictates the CIA take appropriate counterintelligence and security precautions to minimize the potential damage to national security that could result from a spy in the agency's midst. One way to minimize such damage is to limit the amount of information to which any particular employee has access. This policy provides an employee access only to that information required to perform the employee's duties. The CIA implements this policy through decentralizing and compartmenting its records systems.

25.   The CIA Information and Privacy Coordinator in the IMS is the initial reception point for all FOIA requests.  Under the direction and supervision of the CIA Information and Privacy Coordinator, experienced IMS information management professionals analyze each FOIA request and determine which CIA components might reasonably be expected to possess records responsive to a particular request.  IMS then transmits a copy of the request to each relevant component.  When a request is broad, it is quite common for IMS to transmit the request to many components.  Because the CIA's records systems are decentralized and compartmented, each component must devise its own search strategy.  Each component identifies which of its record systems it will search as well as what search tools, indices, and/or terms it will employ during the search.  The information management professionals conducting FOIA searches in each component are the same professionals searching records to support the component's daily mission.

26.   After a tasked component locates documents that may potentially be responsive to a FOIA request, information review and management personnel review the documents to determine, based on their experience with the FOIA review process, whether the documents are responsive to the request.  Because of the nature of a particular records system and the search tools,

indices or terms employed during the search, a search may locate many documents that are not responsive to the request.

27.   After removing the non-responsive documents, Information Review Officers review the remaining documents to determine which, if any, FOIA exemptions apply to the information contained therein, and whether they reasonably can segregate non-exempt information from exempt information.  This process is laborious and time-consuming, but essential to avoid the inadvertent release of information the CIA must withhold from public disclosure in order to protect the effectiveness of its operations.

28.   In the course of reviewing documents for exempt information and segregability, a component frequently identifies information that it must coordinate with, or refer to, another CIA component or another agency because the other component or agency originated the information or otherwise has an equity in it.[5]  This coordination and referral process itself can be quite time-consuming because other components and agencies have their own mission and FOIA procedures.

29.   When all of the components and agencies complete their respective reviews, IMS professionals, under my direction and supervision, consolidate their various recommendations regarding

_____

[5] See Exec. Order No. 12,958 § 3.6(b), 60 Fed. Reg. 19,825 (Apr. 20, 1995), reprinted as amended in 50 U.S.C. § 435 note (Supp. V 2005).

exemption, segregation, redaction, and release. These IMS professionals then conduct a review from a corporate perspective on behalf of the entire CIA. This corporate perspective is critical to assess individual items of information that may initially appear releasable, but which, when aggregated with other responsive documents, reveal information that would be legally exempt from disclosure. For this reason, the CIA cannot make final release determinations with respect to any particular document until it completes a review of all responsive documents. Moreover, as the CIA previously has released some segregable, non-exempt portions of regulations in the past, the CIA must consider this FOIA request in the context of earlier, regulation-related, FOIA requests. While a single FOIA request for regulations may appear insignificant on its own, the request can become critically important when viewed in conjunction with several other regulation-related FOIA requests. This consideration is particularly exigent in the present case where the Plaintiff asked for the wholesale release of internal CIA regulations. Taken together with earlier regulation-related FOIA requests, Plaintiff's FOIA request could provide unique insights into the mission, priorities, function, and organizational behavior of the CIA.

30.    IMS personnel ensure that any withholding determinations are grounded in appropriate, applicable FOIA

exemptions and that any release or withholding determinations comply with applicable law and published CIA regulations. With respect to CIA regulations, I am the final approving official for releasing regulations outside the CIA. Ultimately, IMS personnel produce a final record copy of each document and prepare a response to the FOIA requestor.

## VI.   APPLICABLE FOIA EXEMPTIONS

31.   I determined the information withheld from disclosure in this case is exempt from disclosure based upon three FOIA exemptions:  (b)(1), (b)(2) (including both high (b)(2) and low (b)(2)), and (b)(3).

32.   As is explained in detail below, FOIA exemption (b)(1) exempts the classified information contained in several of the RIP and DIF documents from release to the public.

33.   FOIA exemption (b)(3) applies to all of the regulations and, through its well-established incorporation of the specific nondisclosure provisions of the CIA Act, authorizes the CIA to withhold any information in any of the responsive records that discloses CIA organization, functions, names, official titles, salaries, or numbers of personnel employed by the CIA.  Independent of FOIA exemption (b)(2), FOIA exemption (b)(3) also provides the CIA with authority to withhold certain administrative information (i.e., employee telephone numbers, employee position titles, etc.) from disclosure.

34.   Information that is purely administrative, trivial in nature, unrelated to any legitimate public interest, has been withheld from disclosure pursuant to the low (b)(2) FOIA exemption.

35.   Internal regulations also have been withheld from disclosure in both full and in part under the high (b)(2) exemption, where, in the context of other regulations released in whole and in part, disclosure of the internal personnel information would render the CIA's procedures vulnerable and, thus, enable circumvention of the internal procedures and disrupt CIA functions and activities.

A.   **FOIA Exemption (b)(1)**

36.   FOIA exemption (b)(1) provides FOIA does not require disclosure of information that is:  "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order."[6]

37.   The authority to classify information is derived from a succession of Executive orders, the most recent of which is Executive Order 12958.  I reviewed the records responsive to Plaintiff's FOIA request under the criteria established by Executive Order 12958, as amended, and determined the

---

[6] 5 U.S.C. § 552(b)(1) (2000).

information withheld from disclosure under FOIA exemption (b)(1)
is in fact properly classified.

38.   Section 6.1(h) of Executive Order 12958, as amended,
defines "classified national security information" or
"classified information" as "information that has been
determined pursuant to this order or any predecessor order to
require protection against unauthorized disclosure and is marked
to indicate its classified status when in documentary form."[7]
Section 6.1(y) of Executive Order 12958, as amended, defines
"national security" as the "national defense or foreign
relations of the United States."[8]  Section 1.2(a) of Executive
Order 12958, as amended, establishes three levels of
classification for national security information.  Information
shall be classified TOP SECRET if its unauthorized disclosure
reasonably could be expected to result in *extremely grave damage*
to the national security; SECRET if its unauthorized disclosure
reasonably could be expected to result in *serious damage* to the
national security; and CONFIDENTIAL if its unauthorized
disclosure reasonably could be expected to result in *damage* to
the national security.

39.   Section 1.1(a) of Executive Order 12958, as amended,
provides information may be originally classified under the

---

[7] Exec. Order No. 12,958, 60 Fed. Reg. 19,825 (Apr. 20, 1995), reprinted as
amended in 50 U.S.C. § 435 note (Supp. V 2005).
[8] Id.

terms of this Executive Order only if all of the following conditions are met:

> (1)  an original classification authority is classifying the information;

> (2)  the information is owned by, produced by or for, or is under the control of the United States Government;

> (3)  the information falls within one or more of the categories of information listed in Section 1.4 of this order; and

> (4)  the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage.[9]

## 1.  Original Classification Authority

40.  Section 1.3(a) of Executive Order 12958, as amended, provides the authority to classify information originally may be exercised only by the President and, in the performance of executive duties, the Vice President; agency heads and officials designated by the President in the Federal Register; and U.S. Government officials delegated this authority pursuant to section 1.3(c) of Executive Order 12958, as amended.[10]  Section 1.3(c)(2) provides TOP SECRET original classification authority may be delegated only by the President; in the performance of

---

[9] Id.
[10] See id.

executive duties, the Vice President; or an agency head or official designated pursuant to section 1.3(a)(2) of Executive Order 12958, as amended.[11]

41.  In accordance with section 1.3(a)(2), the President designated the Director of the CIA as an official who may classify information originally as TOP SECRET.[12]  Under the authority of section 1.3(c)(2), the Director of the CIA delegated original TOP SECRET classification authority to me. Section 1.3(b) of the Executive Order provides original TOP SECRET classification authority includes the authority to classify information originally as SECRET and CONFIDENTIAL.[13] With respect to the challenged information for which the CIA asserts FOIA exemption (b)(1) in this case, as indicated in the attached Vaughn Index, I reviewed the documents and determined they contain information that is currently and properly classified SECRET and CONFIDENTIAL by an original classification authority.

---

[11] See id.
[12] See Presidential Order of April 21, 2005, Designation under Executive Order 12958, 70 Fed. Reg. 21,609 (Apr. 26, 2005), reprinted in 50 U.S.C. § 435 note (Supp. V 2005).  Similarly, the Presidential Order of 13 October 1995 designates the Director of the CIA as an official authorized to classify information originally as TOP SECRET.  See Presidential Order of Oct. 13, 1995, 60 Fed. Reg. 53,845 (Oct. 17, 1995), reprinted in 50 U.S.C. § 435 note (2000).
[13] Exec. Order No. 12,958, 60 Fed. Reg. 19,825 (Apr. 20, 1995), reprinted as amended in 50 U.S.C. § 435 note (Supp. V 2005).

### 2. U.S. Government Information

42.  Information may be originally classified only if the information is owned by, produced by or for, or is under the control of the U.S. Government.  With respect to the challenged information for which the CIA asserts FOIA exemption (b)(1) in this case, as indicated in the attached Vaughn Index, I reviewed the internal CIA regulations and determined the regulations and the information contained therein are owned by the U.S. Government, produced by the U.S. Government and under the control of the U.S. Government.

### 3. Categories of Information Listed in Section 1.4 of Executive Order 12958

43.  Executive Order 12958, as amended, addresses classification of information relating to intelligence and national security.  Section 1.4 provides information shall be classified only when it includes, *inter alia*, information concerning "intelligence activities (including special activities), intelligence sources or methods, or cryptology."  With respect to the challenged information for which the CIA asserts FOIA exemption (b)(1) in this case, as indicated in the attached Vaughn Index, I reviewed the documents and determined they contain information concerning the CIA's intelligence activities, sources, or methods.

44.  *Intelligence Activities* – Intelligence activities lie at the core of the CIA's functions.  Information regarding specific intelligence activities reveals the interests and capabilities of the CIA.  This information could be used by foreign intelligence services and others who have interests opposed to those of the United States.  These parties search constantly for information regarding the activities of the CIA and are able to gather information from myriad sources, analyze this information, and create ways to defeat CIA activities from seemingly disparate pieces of information.

45.  *Intelligence Sources* – The primary mission of the CIA is the collection of foreign intelligence through clandestine human sources.  To collect useful intelligence, the CIA must often depend upon information that can only be gathered from knowledgeable human sources under an arrangement of absolute, lasting secrecy.  This secrecy extends both to the existence of the source's relationship with the CIA and to the kind of information or type of operational assistance the source is supplying.  Intelligence sources include individual human sources, foreign intelligence and security services, and foreign governments generally.

46.  Intelligence sources can be expected to furnish information only when confident they are protected from harm, retribution, or embarrassment by the absolute secrecy

surrounding their CIA relationship.  The safety and welfare of
the source, his family and even his associates could be
jeopardized if the CIA disclosed information that might
compromise the source's identity or affiliation with the CIA.
This sort of compromise can occur if the CIA reveals its
internal regulations for handling clandestine human sources.  A
compromise can also occur if the CIA releases regulations that
allow foreign intelligence services to associate a CIA officer
with a particular human source.  Such information could include
information that would allow a foreign intelligence service to
identify the CIA's covert officers.

47.  Any compromise of the information about a source could
also hamper future cooperation with sources and damage ongoing
intelligence efforts.  If the U.S. Government breached the trust
and confidentiality upon which those relationships are formed,
current and potential sources across the globe could surmise the
U.S. Government is unable or unwilling to maintain
confidentiality and that further cooperation with our government
is ill-advised.  If the compromise of a particular source
becomes known, it would likely discourage other sources from
cooperating with the CIA at a time when international
cooperation is critical to combating terrorism.  Thus,
protection of information concerning intelligence sources is

among the most important responsibilities charged to the
Director of the CIA.

48. *Intelligence Methods* – Intelligence methods are the
means by which an intelligence agency accomplishes its
objectives.  Intelligence methods include the basic business
practices and methodological "tools," contained in the
regulations, and used by the CIA to accomplish its mission.
Each intelligence method must be protected from disclosure in
every situation where a certain intelligence interest,
capability, or technique is unknown to those groups that could
take countermeasures to nullify its effectiveness.  Once the
nature of an intelligence method or the fact of its use in a
certain situation is discovered, its usefulness in that
situation is neutralized and the CIA's ability to apply that
method in other situations is significantly degraded.  In fact,
detailed knowledge of each intelligence method must be protected
from disclosure because such knowledge would be of material
assistance to those who seek to detect, prevent, or damage U.S.
intelligence operations.  Moreover, once an intelligence method
or its use is discovered, the method may eventually be used
against the CIA.

49. The term "intelligence methods" is not limited to
sophisticated techniques and electronic devices.  Rather,
"intelligence methods" also include the special internal

practices and procedures of an intelligence agency.  One example
of a method involves the means, contained in the regulations, by
which the CIA assesses, evaluates, hires, and fires its
employees.  These processes are comprised of many different
phases which, when employed together, enable the CIA to
determine the suitability of an applicant for service as a CIA
employee.  Knowledge of, or insights into, such practices would
be of invaluable assistance to those who wish to detect,
penetrate, counter, or evaluate CIA activities in ways inimical
to U.S. security.

### 4.  Damage to the National Security

50.  With respect to the challenged CONFIDENTIAL
information for which the CIA asserts FOIA exemption (b)(1) in
this case, as indicated in the attached <u>Vaughn</u> Index, I reviewed
the documents and determined disclosure of this information
reasonably could be expected to cause damage to the national
security.  With respect to the challenged SECRET information for
which the CIA asserts FOIA exemption (b)(1) in this case, as
indicated in the attached <u>Vaughn</u> Index, I reviewed the documents
and determined disclosure of this information reasonably could
be expected to cause serious damage to the national security.  I
further describe this classified information and its relation to
intelligence sources and methods in Paragraphs 54 and 55 below.

### 5.  Proper Purpose

51.  With respect to the challenged information for which the CIA asserts FOIA exemption (b)(1) in this case, as indicated in the attached Vaughn Index, I reviewed the documents and determined that no information has been classified in order to conceal violations of law; inefficiency or administrative error; prevent embarrassment to a person, organization or agency; restrain competition; or prevent or delay the release of information that does not require protection in the interests of national security.

### 6.  Marking

52.  With respect to the challenged information for which the CIA asserts FOIA exemption (b)(1) in this case, as indicated in the attached Vaughn Index, I reviewed the documents and determined they are properly marked in accordance with section 1.6 of Executive Order 12958, as amended.  Each of these documents bears on its face one of the three classification levels defined in section 1.2 of Executive Order 12958, as amended; the identity, by name or personal identifier and position, of the original classification authority; the agency and office of origin, if not otherwise evident; declassification instructions; and a concise reason for classification that, at a minimum, cites the applicable classification categories of section 1.4.

### 7.  Proper Classification

53.  With respect to the challenged information for which the CIA asserts FOIA exemption (b)(1) in this case, as indicated in the attached <u>Vaughn</u> Index, I reviewed the documents and determined the information withheld from disclosure is currently and properly classified in accordance with the substantive and procedural requirements of Executive Order 12958, as amended.

### 8.  Classified Regulations at Issue in this Case

54.  With respect to the challenged information for which the CIA asserts FOIA exemption (b)(1) in this case, as indicated in the attached <u>Vaughn</u> Index, I reviewed the documents and determined that twelve documents are classified CONFIDENTIAL because the unauthorized disclosure of these documents reasonably could be expected to result in damage to national security.  I further determined that nine documents are classified SECRET because the unauthorized disclosure of these documents reasonably could be expected to result in serious damage to national security.

55.  As noted above, the disclosure of the withheld information in these records would reveal classified information regarding the CIA's intelligence activities, sources, and/or methods.  Specifically, disclosure would provide foreign intelligence services with valuable insights into, *inter alia:*

- the various categories of CIA personnel;

- the CIA's internal security policies and
  procedures, including those related
  specifically to the CIA's covert
  employees;

- the CIA's covert officers, including but
  not limited to, cover mechanisms used, the
  different types of CIA covert officers,
  how the CIA manages its covert employees,
  and how the CIA processes inquires related
  to its covert employees;

- the CIA's engagement and management of
  clandestine human intelligence sources;

- certain responsibilities of the CIA's
  station chiefs; and

- the CIA's staffing procedures and the size
  and capabilities of the CIA's workforce.

Significantly, the release of the classified information

withheld from disclosure also would reveal classified details

regarding the CIA's collection, use, retention, and management

of classified human intelligence sources; the organization,

management, and objectives of the CIA's military reserve

program; and the training received by CIA employees, including

language training.

**B.    FOIA Exemption (b)(3)**

56.    The regulations at issue in this case also contain

information disclosing CIA organization, functions, employee

names, official titles, intelligence sources and/or intelligence

methods.    This information is exempt from disclosure under FOIA

exemption (b)(3). FOIA exemption (b)(3) provides FOIA does not require disclosure of information that is:

> specifically exempted from disclosure by statute (other than section 552b of this title) provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.[14]

I reviewed the documents responsive to Plaintiff's FOIA request and determined the National Security Act, as amended, and the CIA Act, as amended, are the withholding statutes applicable to this case.

## 1. National Security Act of 1947

57. Section 102A(i)(1) of the National Security Act, 50 U.S.C. § 403-1(i)(1), as amended, provides the Director of National Intelligence ("DNI") "shall protect intelligence sources and methods from unauthorized disclosure." I reviewed the RIP and DIF documents in this case and determined disclosure of certain information withheld from these documents would reveal intelligence sources and methods. For this reason, the DNI authorized the DCIA to take all necessary and appropriate measures in this case to ensure that intelligence sources and methods are protected from disclosure. Accordingly, the CIA

---

[14] 5 U.S.C. § 552(b)(3) (2000).

relies on the National Security Act to withhold any information that would reveal intelligence sources and methods.

58.    As noted in Paragraph 49 above, the definition of "intelligence methods" is not limited to sophisticated techniques and electronic devices.  Rather, "intelligence methods" include the special practices and procedures of an intelligence agency.  The National Security Act exempts the information withheld from regulations in this case where disclosure of that information would reveal the CIA's intelligence sources and methods.

59.    In contrast to Executive Order 12958, as amended, the National Security Act's statutory requirement to protect intelligence methods does not require the CIA to identify or describe the damage to national security that reasonably could be expected to result from their unauthorized disclosure.

## 2.  Central Intelligence Agency Act of 1949

60.    Section 6 of the CIA Act, 50 U.S.C. § 403g, as amended, provides:

> In the interests of the security of the
> foreign intelligence activities of the
> United States and in order to further
> implement section 403-1(i) of this title
> that the Director of National Intelligence
> shall be responsible for protecting
> intelligence sources and methods from
> unauthorized disclosure, the . . . [CIA]
> shall be exempted from . . . the provisions
> of any other law which require the
> publication or disclosure of the

> organization, functions, names, official
> titles, salaries, or numbers of personnel
> employed by the Agency.

As the CIA's primary function is to collect intelligence through human sources and by other appropriate methods, section 6 of the CIA Act authorizes the CIA to withhold "intelligence sources" and "intelligence methods" that are related to the CIA's core function.  Moreover, CIA employees' names and personal identifiers (e.g., employee signatures, employee numbers, or initials), titles, file numbers, and internal organizational data are specifically and absolutely protected from disclosure by the CIA Act.

61.  In contrast to Executive Order 12958, as amended, the CIA Act's statutory requirement to further protect intelligence sources and methods by protecting CIA organization and functions does not require the CIA to identify or describe the damage to national security that reasonably could be expected to result from their unauthorized disclosure.

62.  The CIA properly determined to withhold exempt information and documents, including the CIA's special practices and procedures, from release under FOIA exemption (b)(3) where the disclosure of that information would reveal CIA sources, methods, organization, and functions.  Pursuant to FOIA exemption (b)(3), and also under FOIA exemption (b)(2), the CIA withheld, for example, employee identification numbers, official

titles, employee telephone numbers, agency regulation numbers, and internal CIA organizational information.  On the basis of the CIA Act, section 6 and, thus, under FOIA exemption (b)(3), this information is absolutely protected from disclosure by law. Section 6 requires no showing of harm.

63.  Similarly, every CIA regulation is a piece of a mosaic of information reflecting the CIA's overall organization and function.  I described the nature of this mosaic earlier in this declaration.  The disclosure of CIA regulations--even in part-- will assist foreign intelligence services develop a clearer picture of the CIA's methods, organization, and function.

64.  Any evaluation of whether the CIA should release a regulation must be done with awareness that any released information will analyzed in light of other information (i.e., other pieces of the "mosaic") and, thus, potentially lead to the exposure of the CIA's intelligence sources, intelligence methods, organization, or functions.  As noted earlier, even portions of CIA regulations may provide insights as to the CIA's capabilities, accomplishments, methodologies, and judgments over time.  As a result, CIA regulations provide a framework for any "mosaic" that a hostile entity might assemble to use against the United States.  I determined the CIA properly identified and withheld information, under FOIA exemption (b)(3), from release to Plaintiff where that information discloses the CIA's sources,

methods, organization, and functions.  Pursuant to the National
Security Act and section 6 of the CIA Act, that information is
exempt from disclosure under FOIA exemption (b)(3).

### C.   FOIA Exemption (b)(2)

65.  FOIA exemption (b)(2) exempts from disclosure
information that is "related solely to the internal personnel
rules and practices of an agency."[15]  FOIA exemption (b)(2)
encompasses two distinct categories of information:  a) internal
information of a less significant nature, such as administrative
routing notations and agency rules and practices, sometimes
referred to as "low (b)(2)" information; and b) internal
information, the disclosure of which may risk circumvention of
agency regulation, sometimes referred to as "high (b)(2)"
information.

### 1.  High (b)(2) Information

66.  The high (b)(2) exemption applies in this case to
exempt from disclosure internal information, the disclosure of
which may facilitate circumvention of CIA regulations.  The
information withheld from disclosure pursuant to high (b)(2) is
internal information which does not purport to regulate the
general public's activities.  These regulations do not set
standards that CIA personnel must follow when deciding whether

---

[15] 5 U.S.C. § 552(b)(2) (2000).

to proceed against or to take action affecting members of the
public.

67.  As previously observed, information exempted under low
(b)(2) and high (b)(2) also may be exempt from disclosure
pursuant to a separate FOIA exemption.  The Vaughn Index
explains which specific exemption is applicable to which
document, but in general, high (b)(2) information withheld from
disclosure includes internal security policies and procedures
associated with CIA employees and foreign nationals.  The
disclosure of this information could both affect the behavior of
the foreign nationals addressed in the regulation and provide
foreign intelligence services with keen insights on how to
circumvent the CIA's security regulations.  Other RIP and DIF
documents contain high (b)(2) information relating to the
training procedures for a specific category of CIA employees.
If disclosed, this information would allow adversaries keen
insights into the CIA's operational and training methods.
Similarly, information revealing security clearance procedures
and policies has been withheld under the high (b)(2) exemption
where disclosure of the information could render those
procedures vulnerable and weaken their effectiveness.

68.  Significantly, disclosure of the high (b)(2)
information contained in the RIP and DIF documents also could
risk circumvention of these regulations through a "mosaic"

approach.  As noted above, information that may seem innocuous
on its face can nonetheless be combined with similar information
and used to circumvent CIA regulations.  Information withheld
from disclosure in the RIP and DIF documents could, when
combined with other information that has been released to the
public, provide foreign intelligence services with specific
insights into the CIA's sources, methods, security procedures,
organization, and functions.

### 2.  Low (b)(2) Information

69.  As noted in the attached Vaughn Index, the CIA invoked
FOIA exemption (b)(2) to withhold low (b)(2) information from
disclosure.  The low (b)(2) information withheld from these
documents is internal information and not of any genuine public
interest.  Information that CIA has withheld from disclosure
under the low (b)(2) exemption does not purport to regulate the
public's activities or set standards CIA personnel must follow
when deciding whether to proceed against or take action
affecting members of the public.  The specific application of
the low (b)(2) exemption to particular documents is detailed in
the Vaughn Index accompanying this declaration.  However,
information withheld under the low (b)(2) exemption relating to
personnel includes:  job titles, employee grievance procedures,
procedures for performance evaluations, occupational codes,
grades, reassignment procedures, guidelines for Exceptional

Performance Awards, and eligibility criteria for benefits specific to CIA employees and their families.  Other personnel information withheld from disclosure under the low (b)(2) exemption includes policies on employment of uniformed service members, employee health and life insurance policies, child care policies, income tax withholding and reporting procedures, dispute resolution procedures for employee-related internal disputes, and internal procedures for employment-related complaints.  The CIA has marked several of these regulations with the internal dissemination control "Administrative - Internal Use Only" or "AIUO" to indicate they pertain solely to internal CIA matters.

70.  Where the procedures relate solely to internal CIA personnel practices, internal information concerning procedures for CIA employees which the CIA uses to administer its declassification and release policy has also been withheld under (b)(2).  Segregable non-exempt information concerning policies for actions affecting the public in these regulations has been provided to Plaintiff.

71.  The CIA also withheld under low FOIA exemption (b)(2) the names and position titles of CIA employees with original classification authority.  There is no genuine public interest in disclosure of the names or position titles of individual CIA employees.

72.   Similarly, several of the Office of Security regulations at issue in this case contain exempt information concerning internal agency personnel policies for employees and managers to resolve security-related issues, and related tracking and recordkeeping information associated with those functions.   This information has been properly withheld on the basis of low (b)(2)--administrative matters associated with record tracking and filing in which the public has no legitimate interest and high (b)(2)--internal information concerning security practices which, if disclosed, would enable members of the public to disrupt or circumvent the CIA's security procedures.

73.   The same information may fall under more than one FOIA exemption for disclosure.   For example, official titles of individuals delegated original classification authorities are exempt under both (b)(2) and (b)(3).

74.   Although I have discussed the general categories of information withheld under FOIA exemptions in this case, this declaration should be reviewed in tandem with the <u>Vaughn</u> Index, which identifies the particular FOIA exemptions relevant to particular documents or information withheld from release.

D.   **Segregability**

75.   The CIA conducted a line-by-line review of all documents at issue, individually and as a whole, to determine

37

whether meaningful, reasonably segregable, non-exempt portions of documents could be released. The CIA released any information that was segregable and not otherwise exempt.

76. Regarding the DIF documents, the CIA determined no meaningful, non-exempt portion of those documents reasonably could be segregated for release. The CIA made this determination of segregability based upon a careful review of the DIF documents in this case, both individually, and as a whole. The CIA determined that any non-exempt information is so inextricably intertwined with the exempt information that there are no meaningful, reasonably segregable, non-exempt portions.

## V.  CONCLUSION

77. Congress was acutely aware of the importance of secrecy to the effective operation of an intelligence agency. In the National Security Act and the CIA Act, Congress took affirmative steps to protect what it knew to be the confidential nature of the CIA's organizational structure and functions, to maximize the CIA's foreign intelligence collection capabilities in the interest of our national security. The statutory scheme which Congress created to protect the organization, functions, and activities of the CIA is essential to enable the CIA to conduct its foreign intelligence mission. Congress intended that the CIA should shield its organizational structure, employees, functions, intelligence methods, and activities from

public view because of its unique mission and authority to operate in secret.

78.    Through exemption (b)(3), FOIA explicitly incorporated the nondisclosure provisions contained in other federal statutes.   The CIA Act is well established as a nondisclosure statute incorporated under section 3.   In addition, Congress enacted FOIA exemption (b)(2) to exempt federal agencies from mandatory FOIA disclosure of internal information in which there is no genuine public interest, as well as internal information which, if disclosed, would facilitate the circumvention of the CIA's regulations.   Plaintiff's request for the wholesale release of *internal* CIA regulations pertaining to CIA personnel and procedures would provide a unique insight into the CIA's confidential operations, raising significant concerns anticipated by Congress in both the CIA Act and in exemptions (b)(3), (b)(2), and (b)(1) to the FOIA.

79.    In my capacity as the final approving authority for the release of CIA regulations, I reviewed the information and documents withheld from release pursuant to Plaintiff's request, and I concluded the CIA has properly withheld information responsive to Plaintiff's request under FOIA exemptions (b)(3), (b)(2), and (b)(1).   Regarding FOIA exemption (b)(3), the CIA properly withheld information that would disclose the CIA's intelligence sources, methods, activities, organization,

functions, and/or names or official titles of CIA personnel. Pursuant to FOIA exemption (b)(2), the CIA properly withheld internal information exempted by both the "high" and "low" (b)(2) exemption.  Under FOIA exemption (b)(1), the CIA properly withheld information that is currently and properly classified. The disclosure of this information reasonably could be likely to damage or seriously damage the national security or foreign policy of the United States.

* * * *

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of April, 2008.

_____
Joseph W. Lambert
Director
Information Management Services
Office of the Chief Information
Central Intelligence Agency

MORI DocID: 1528474

ADMINISTRATIVE - INTERNAL USE ONLY

ADMINISTRATIVE - INTERNAL USE ONLY

(b)(2)
(b)(3)

**Date:** 06/03/97

**Category:**   70 - Information and Records Management     **OPR:** OIM

**Title:**   AR 70-3, Ann A     Annex A -- ORIGINAL CLASSIFICATION
AUTHORITIES

## ORIGINAL CLASSIFICATION AUTHORITIES

In addition to the Director of Central Intelligence, the Agency officials listed below are delegated original classification authority.   All previous delegations of original classification authority are hereby rescinded.

ADMINISTRATIVE - INTERNAL USE ONLY

ADMINISTRATIVE - INTERNAL USE ONLY

ADMINISTRATIVE - INTERNAL USE ONLY

MORI DocID: 1528474

ADMINISTRATIVE - INTERNAL USE ONLY

ADMINISTRATIVE - INTERNAL USE ONLY

ADMINISTRATIVE - INTERNAL USE ONLY

**DO**

| Position Title | Position Number | Classification Level |
|---|---|---|
| | | |

| Information Review Officer | | Top Secret |
|---|---|---|
| | | |

ADMINISTRATIVE - INTERNAL USE ONLY

MORI DocID: 1528474

ADMINISTRATIVE - INTERNAL USE ONLY

/s/
Acting Director of Central Intelligence

ADMINISTRATIVE - INTERNAL USE ONLY

EXHIBIT A

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511250 |
| Date of Document: | 09/09/2005 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Security Clearances, Accesses, and Approvals |
| Document Pages: | 6 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal personnel information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, official titles, a phone number for communicating internally, CIA information security standards, procedures and requirements, CIA facility security standards, procedures and requirements, functions of Agency personnel, internal regulation numbers, internal CIA intelligence methods, security requirements for personnel employed by the CIA, internal investigative procedures, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of internal procedures relating to CIA personnel, revealing the nature of investigatory activities and security requirements, would provide insight into internal CIA intelligence methods, functions, and organizational procedures that would enable circumvention of CIA regulations and security procedures, disrupt CIA functions, increase the vulnerability of employees affected by CIA procedures, and interfere with the effective operation of intelligence methods. Information disclosing CIA employees, organization, functions, or official titles, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v. Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511253 |
| Date of Document: | 12/15/2005 |
| Document Type: | Regulation |
| Classification: | Confidential |
| From/To: | |
| Subject: | Categories of Personnel |
| Document Pages: | 3 |

| FOIA Exemptions: | Privacy Act Exemptions: | Disposition: |
|---|---|---|
| ☒ (b) (1) | ☐ (d) (5) | ○ Denied in Full |
| ☒ (b) (2) | ☐ (j) (1) | ● Partial Release |
| ☒ (b) (3) | ☐ (j) (2) | ○ Released in Full |
| ☐ (b) (4) | ☐ (k) (1) | ○ Referred to Third Agency |
| ☐ (b) (5) | ☐ (k) (2) | |
| ☐ (b) (6) | ☐ (k) (5) | |
| ☐ (b) (7) (c) | | |
| ☐ (b) (7) (d) | | |
| ☐ (b) (7) (e) | | |
| ☐ (b) (7) (f) | | |

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). Information withheld from release pursuant to Exemption (b)(1) includes information disclosing intelligence methods currently and properly classified at the CONFIDENTIAL level. Disclosure of the classified information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, official titles, internal regulation numbers, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal procedures relating to CIA personnel and revealing the nature of personnel requirements would provide insight into internal CIA procedures, organization, activities, and vulnerabilities that would enable circumvention of CIA regulations, increase the vulnerability of employees affected by the CIA procedures, and disrupt the effective operation of intelligence methods affected by the CIA procedures. Information disclosing CIA organization or functions, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v . Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511256 |
| Date of Document: | 06/25/1993 |
| Document Type: | Regulation |
| Classification: | Confidential |
| From/To: | |
| Subject: | Marriage of Employees |
| Document Pages: | 10 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). Information withheld from release pursuant to Exemption (b)(1) includes information disclosing intelligence methods and security functions currently and properly classified at the CONFIDENTIAL level . Disclosure of the classified information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, internal CIA forms, employee reporting requirements, official titles, employee functions, internal regulation numbers, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information in the regulation is also withheld under high (b)(2). Disclosure of internal procedures relating to CIA personnel and revealing the nature of personnel and security requirements would provide insight into internal CIA procedures, organization, activities, and vulnerabilities that would enable circumvention of CIA regulations, disrupt CIA investigatory functions, increase the vulnerability of employees affected by the CIA procedures, and interfere with the effective operation of intelligence methods affected by the CIA procedures. Information disclosing CIA organization or functions, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials : RMU

# James Madison Project v . Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511259 |
| Date of Document: | 05/12/1997 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Position Classification |
| Document Pages: | 4 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, an internal CIA regulation number, official titles, employee functions, internal database information, document preparation procedures for CIA personnel, internal CIA requirements, phone numbers used to communicate internally, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of personnel requirements and procedures therein would enable the procedures to be circumvented and would provide insight into internal CIA functions, activities, requirements, vulnerabilities, standards, and practices that would disrupt the effective operation of CIA activities and intelligence methods affected by the CIA procedures. The regulation also contains internal CIA information concerning CIA intelligence and counterintelligence activities . Information disclosing the organization, functions, or official titles of CIA employees, or information disclosing intelligence methods or activities, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials : RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511261 |
| Date of Document: | 04/01/1985 |
| Document Type: | Regulation |
| Classification: | Confidential |
| From/To: | |
| Subject: | Special Consideration in Hiring or Using the Services of Certain Individuals |
| Document Pages: | 6 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). Information withheld from release pursuant to Exemption (b)(1) includes information disclosing intelligence methods currently and properly classified at the CONFIDENTIAL level. Disclosure of the classified information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, employee functions, training procedures, internal regulation numbers, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information in the regulation is also withheld under high (b)(2). Disclosure of internal procedures relating to CIA personnel and revealing the nature of personnel functions and requirements would provide insight into internal CIA procedures, organization, activities, and vulnerabilities that would enable circumvention of CIA regulations, disrupt CIA functions, increase the vulnerability of employees affected by CIA procedures, and interfere with the effective operation of intelligence methods. Information disclosing CIA employees, organization, or functions, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

| | |
|---:|:---|
| **FOIA/PA Request No.:** | F-2000-01097 |
| **Document Number:** | MORI 1511262 |
| **Date of Document:** | 04/08/2002 |
| **Document Type:** | Regulation |
| **Classification:** | Secret |
| **From/To:** | |
| **Subject:** | Military Reserve Program |
| **Document Pages:** | 4 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). Information withheld from release pursuant to Exemption (b)(1) includes information disclosing intelligence methods and activities currently and properly classified at the SECRET level. Disclosure of the classified information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in serious damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, official titles, a phone number used to communicate internally, internal regulation numbers, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information in the regulation is also withheld under high (b)(2). Disclosure of internal procedures relating to CIA personnel and revealing the nature of personnel functions and requirements would provide insight into internal CIA intelligence procedures, organization, and vulnerabilities that would enable circumvention of CIA regulations, disrupt CIA functions, increase the vulnerability of employees affected by CIA procedures, and interfere with the effective operation of intelligence methods. Information disclosing CIA employees, organization, or functions, or information disclosing intelligence methods or activities, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v . Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511264 |
| Date of Document: | 09/29/2005 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Assignments |
| Document Pages: | 10 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including internal CIA database, software, and information system functions, internal organizational units, internal CIA staffing requirements and procedures, data maintenance requirements, official titles, employee functions, document preparation procedures for CIA personnel, phone numbers used to communicate internally, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of personnel requirements and procedures therein would enable the personnel procedures to be circumvented and would provide insight into internal CIA functions, activities, requirements, vulnerabilities, standards, and practices that would disrupt the effective operation of CIA activities and intelligence methods affected by the CIA procedures. The regulation also contains internal CIA information concerning CIA intelligence methods. Information disclosing CIA employees, organization, functions, or official titles, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v . Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511266 |
| Date of Document: | 02/17/2005 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | The Performance Appraisal System |
| Document Pages: | 13 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including functions of internal CIA information systems, internal forms, internal organizational units, internal CIA personnel review procedures and requirements, official titles, employee functions, document preparation procedures for CIA personnel, an internal regulation number, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of personnel review procedures and requirements therein would enable the personnel procedures to be circumvented and would provide insight into internal CIA functions, requirements, vulnerabilities, standards, and practices that would disrupt the effective operation of CIA activities and intelligence methods affected by the CIA procedures. The regulation also contains internal CIA information concerning CIA intelligence methods. Information disclosing CIA employees, organization, functions, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511268 |
| Date of Document: | 01/16/2003 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: |  |
| Subject: | Senior Intelligence Service |
| Document Pages: | 11 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including an internal regulation number, internal organizational units and functions, official titles, internal CIA procedures and standards for employee performance evaluation and review, employee functions, routing procedures, leave and salary policies, certification procedures, document preparation procedures for CIA personnel, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of procedures for review and promotions of CIA personnel therein would provide insight into internal CIA functions, requirements, standards, and practices that would disrupt the effective operation of CIA activities and intelligence methods affected by the CIA procedures. The regulation also contains internal CIA information concerning CIA intelligence methods. Information disclosing CIA employees, organization, functions, or official titles, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v. Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511270 |
| Date of Document: | 08/23/2004 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Three-Year Trial Period |
| Document Pages: | 5 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, official titles, employee functions, the name of a CIA employee, document preparation instructions, internal regulation numbers, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information in the regulation is also withheld under high (b)(2). Disclosure of internal procedures relating to CIA personnel and revealing the nature of personnel functions and requirements would provide insight into internal CIA procedures, organization, activities, and vulnerabilities that would enable circumvention of CIA regulations, disrupt CIA functions, increase the vulnerability of employees affected by CIA procedures, and interfere with the effective operation of intelligence methods. Information disclosing CIA employees, organization or functions, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v . Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511271 |
| Date of Document: | 05/23/2002 |
| Document Type: | Regulation |
| Classification: | Secret |
| From/To: | |
| Subject: | Flexiplace |
| Document Pages: | 12 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). Information withheld from release pursuant to Exemption (b)(1) includes information disclosing intelligence and counterintelligence methods and activities and security requirements currently and properly classified at the SECRET level. Disclosure of the classified information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in serious damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, official titles, internal regulation numbers, document preparation instructions, document routing and filing instructions, security requirements, employee functions, official titles, internal approval procedures, CIA information systems and functions, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of internal procedures and security requirements relating to CIA personnel, revealing the nature of personnel activities, would provide insight into internal CIA intelligence methods, organization, requirements, and priorities that would enable circumvention of CIA regulations, disrupt CIA functions, increase the vulnerability of employees affected by CIA procedures, and interfere with the effective operation of intelligence methods. Information disclosing CIA employees, organization, functions, or official titles is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v . Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511272 |
| Date of Document: | 06/20/2006 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Voluntary Separations |
| Document Pages: | 5 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :**  A copy of this document has been provided to Plaintiff.  Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3).  Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, official titles, employee functions, CIA administrative codes, document preparation instructions, internal regulation numbers, an employee identification number, and database fields for document file management.  Further, in the context of other regulations released in whole and in part, information in the regulation is also withheld under high (b)(2).  Disclosure of internal procedures relating to CIA personnel and revealing the nature of personnel functions and requirements would provide insight into internal CIA personnel procedures, activities and vulnerabilities that would enable circumvention of CIA regulations, disrupt CIA functions, increase the vulnerability of employees affected by CIA procedures, and interfere with the effective operation of intelligence methods.  Information disclosing CIA employees, organization or functions, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

**Case Number: 1:07cv01154**
**Judge's Initials: RMU**

# James Madison Project v . Central Intelligence Agency

FOIA/PA Request No.: F-2000-01097

Document Number: MORI 1511274

Date of Document: 01/ 21/2000

Document Type: Regulation

Classification: Confidential

From/To:

Subject: Leave and Other Absences

Document Pages: 23

| FOIA Exemptions: | Privacy Act Exemptions: | Disposition: |
|---|---|---|
| ☒ (b) (1) | ☐ (d) (5) | ○ Denied in Full |
| ☒ (b) (2) | ☐ (j) (1) | ● Partial Release |
| ☒ (b) (3) | ☐ (j) (2) | ○ Released in Full |
| ☐ (b) (4) | ☐ (k) (1) | ○ Referred to Third Agency |
| ☐ (b) (5) | ☐ (k) (2) | |
| ☐ (b) (6) | ☐ (k) (5) | |
| ☐ (b) (7) (c) | | |
| ☐ (b) (7) (d) | | |
| ☐ (b) (7) (e) | | |
| ☐ (b) (7) (f) | | |

Document Description : A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). Information withheld from release pursuant to Exemption (b)(1) includes information disclosing intelligence methods currently and properly classified at the CONFIDENTIAL level. Disclosure of the classified information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, internal regulation numbers and database systems, employee functions, leave policies and approvals, file organization and maintenance information, official titles, notification procedures, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information in the regulation is also withheld under high (b)(2). Disclosure of internal procedures relating to CIA personnel and revealing the nature of personnel functions and requirements would provide insight into internal CIA procedures, organization, activities, and vulnerabilities that would enable circumvention of CIA regulations, disrupt CIA functions, increase the vulnerability of employees affected by CIA procedures, and interfere with the effective operation of intelligence methods. Information disclosing CIA employees, organization or functions, or information disclosing intelligence methods or activities, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v . Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511275 |
| Date of Document: | 10/13/2004 |
| Document Type: | Regulation |
| Classification: | Secret |
| From/To: | |
| Subject: | Pay |
| Document Pages: | 16 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). Information withheld from release pursuant to Exemption (b)(1) includes information disclosing intelligence methods and locations of intelligence activities currently and properly classified at the SECRET level. Disclosure of the classified information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in serious damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, internal regulation numbers, document preparation instructions, security requirements, employee functions, official titles, internal approval procedures, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of internal procedures relating to CIA personnel, revealing the nature of personnel activities, would provide insight into internal CIA intelligence methods and security requirements that would enable circumvention of CIA regulations, disrupt CIA functions, increase the vulnerability of employees affected by CIA procedures, and interfere with the effective operation of intelligence methods. Information disclosing CIA employees, organization, functions, or official titles is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

FOIA/PA Request No.: F-2000-01097

Document Number: MORI 1511281

Date of Document: 08/24/2006

Document Type: Regulation

Classification: Unclassified

From/To:

Subject: Exceptional Performance Awards and Suggestion Awards

Document Pages: 6

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2) and (b)(3). Internal information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including internal CIA employee programs, internal agency organizational units, internal CIA organizational functions, internal regulation numbers, internal categories, standards and eligibility requirements for personnel awards pertaining only to CIA employees, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of internal procedures relating to performance award criteria and standards for CIA personnel, revealing the nature of personnel activities and priorities, would provide insight into internal CIA intelligence methods and employee requirements that would increase the vulnerability of employees affected by CIA procedures and disrupt CIA functions and activities that are confidential in nature. The regulation also contains internal CIA information concerning CIA intelligence methods, functions, activities and programs. Information disclosing CIA employees, organization or functions, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v. Central Intelligence Agency

| | |
|---|---|
| **FOIA/PA Request No.:** | F-2000-01097 |
| **Document Number:** | MORI 1511283 |
| **Date of Document:** | 08/09/2004 |
| **Document Type:** | Regulation |
| **Classification:** | Unclassified |
| **From/To:** | |
| **Subject:** | Federal Employees Workers' Compensation Act |
| **Document Pages:** | 10 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2) and (b)(3). Internal information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including internal agency organizational units, internal CIA organizational functions, internal regulation numbers, internal categories, standards and eligibility requirements for employee benefits and compensation relating to CIA employees, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of internal procedures relating to eligibility for disability payments, revealing the nature of on-duty risks to which CIA employees are subject, would provide insight into internal CIA personnel functions that would enable circumvention of CIA procedures, increase the vulnerability of employees affected by the procedures, and disrupt the effective operation of intelligence activities and intelligence methods that are confidential in nature. The regulation also contains internal CIA information concerning CIA intelligence methods. Information disclosing CIA employees, organization or functions, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511286 |
| Date of Document: | 02/25/2002 |
| Document Type: | Regulation |
| Classification: | Confidential |
| From/To: | |
| Subject: | Social Security and Unemployment Compensation Benefits |
| Document Pages: | 2 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). Information withheld from release pursuant to Exemption (b)(1) includes information disclosing classified intelligence methods currently and properly classified at the CONFIDENTIAL level. Disclosure of the classified information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, employee functions, employee reporting requirements and procedures, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information in the regulation is also withheld under high (b)(2). Disclosure of internal procedures relating to CIA personnel, revealing the nature of personnel functions, would provide insight into internal CIA procedures, organization and activities that would enable circumvention of CIA regulations, disrupt CIA functions, increase the vulnerability of employees affected by CIA procedures, and interfere with the effective operation of intelligence methods. Information disclosing CIA employees, organization or functions, or information disclosing intelligence methods or activities, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v . Central Intelligence Agency

FOIA/PA Request No.: F-2000-01097

Document Number: MORI 1511287

Date of Document: 12/03/2003

Document Type: Regulation

Classification: Unclassified

From/To:

Subject: Special Death Benefits

Document Pages: 4

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including internal agency regulation numbers, official titles and functions, internal categories, standards and eligibility requirements for death benefits payable to survivors relating to CIA employees, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of internal procedures relating to eligibility for death benefit payments, revealing the nature of on-duty risks to which CIA employees are subject, would provide insight into internal CIA personnel functions that would enable circumvention of CIA procedures, increase the vulnerability of employees affected by the procedures, and disrupt the effective operation of intelligence methods that are confidential in nature. The regulation also contains internal CIA information concerning CIA intelligence methods. Information disclosing CIA employees, organization or functions, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v . Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511288 |
| Date of Document: | 02/11/2003 |
| Document Type: | Regulation |
| Classification: | Secret |
| From/To: | |
| Subject: | Casualty Planning for Certain Activities |
| Document Pages: | 4 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). Information withheld from release pursuant to Exemption (b)(1) includes information disclosing intelligence methods and security requirements currently and properly classified at the SECRET level. Disclosure of the classified information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in serious damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, official titles, document preparation and routing instructions, employee functions, internal approval procedures, CIA internal funding methods and procedures, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of internal procedures relating to CIA personnel, revealing the nature of personnel activities and security requirements, would provide insight into internal CIA intelligence methods, organization, priorities and vulnerabilities that would enable circumvention of CIA regulations and security procedures, disrupt CIA functions, increase the vulnerability of employees affected by CIA procedures, and interfere with the effective operation of intelligence methods. Information disclosing CIA employees, organization, functions, or official titles, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

**Case Number: 1:07cv01154**
**Judge's Initials : RMU**

# James Madison Project v. Central Intelligence Agency

FOIA/PA Request No.: F-2000-01097

Document Number: MORI 1511293

Date of Document: 04/07/2005

Document Type: Regulation

Classification: Confidential

From/To:

Subject: Contract Employees

Document Pages: 5

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). Information withheld from release pursuant to Exemption (b)(1) includes information disclosing classified intelligence methods currently and properly classified at the CONFIDENTIAL level. Disclosure of the classified information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA regulation numbers, hiring procedures for personnel employed by the CIA, payment procedures for personnel employed by the CIA, internal organizational units and organizational functions, official titles, employee functions, categories and functions of personnel employed by the agency, an employee identification number, and administrative codes and database fields for document file management. Further, in the context of other regulations released in whole and in part, information in the regulation is also withheld under high (b)(2). Disclosure of internal procedures relating to personnel employed by the CIA, revealing personnel functions, would provide insight into internal CIA procedures, organization and activities that would enable circumvention of CIA regulations, disrupt CIA functions, increase the vulnerability of employees affected by CIA procedures, and interfere with the effective operation of classified intelligence methods. The regulation also contains internal CIA information concerning CIA intelligence methods. Information disclosing CIA employees, organization, or functions, or information disclosing intelligence methods or activities, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154

**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511294 |
| Date of Document: | 08/31/2004 |
| Document Type: | Regulation |
| Classification: | Secret |
| From/To: | |
| Subject: | Contractual Relations with Assets |
| Document Pages: | 10 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). Information withheld from release pursuant to Exemption (b)(1) includes information disclosing classified intelligence sources and methods and locations of CIA intelligence collection activities currently and properly classified at the SECRET level. Disclosure of the information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in serious damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA regulation numbers, phone numbers used for internal communication, CIA-specific procedures relating to CIA human intelligence sources, internal organizational units and organizational functions, internal information management procedures, official titles, employee functions, internal regulation numbers, an employee identification number, an administrative code, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information in the regulation is also withheld under high (b)(2). Disclosure of internal procedures relating to human CIA human intelligence sources would provide insight into internal CIA activities that would enable circumvention of CIA regulations, disrupt CIA functions, and reveal classified intelligence sources and methods to unauthorized recipients, which reasonably could be expected to result in serious damage to the national security. Information disclosing CIA employees, organization or functions, or information disclosing classified intelligence sources and methods, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154

**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511295 |
| Date of Document: | 06/03/1997 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Declassification and Release |
| Document Pages: | 8 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal personnel information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including internal CIA regulation numbers, phone numbers used to communicate internally, internal agency procedures for classification and declassification of CIA information, internal agency organizational units and organizational functions, official titles, employee functions, document preparation and maintenance instructions, information relating to employee training, internal approval procedures, instructions and database requirements for the internal processing of information release determinations, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information in the regulation is also withheld under high (b)(2). Disclosure of internal operational procedures therein would provide insight into internal CIA information management procedures and internal CIA information systems that would disrupt the effective operation of CIA intelligence collection activities that are confidential in nature and would provide insight into any vulnerabilities in internal CIA information systems. The regulation also contains internal CIA information concerning intelligence sources and methods. Information disclosing the organization, functions, or official titles of CIA employees, or disclosing intelligence sources and methods, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511296 |
| Date of Document: | 10/15/2003 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: |  |
| Subject: | Grievance Resolution |
| Document Pages: | 9 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including CIA-specific internal procedures for the resolution of employee grievances, internal agency organizational units and functions, internal appeal procedures within the CIA, internal CIA investigatory functions, phone numbers used to communicate internally, internal regulation numbers, official titles, employee functions, document preparation instructions, document filing instructions, internal forms, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal procedures relating to personnel employed by the CIA would provide insight into internal CIA personnel functions, organization and activities and internal investigatory procedures that would facilitate circumvention of CIA procedures and would disrupt the effective operation of CIA activities that are confidential in nature. Information disclosing CIA employees, organization, functions, or official titles is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v. Central Intelligence Agency

| | |
|---|---|
| **FOIA/PA Request No.:** | F-2000-01097 |
| **Document Number:** | MORI 1511297 |
| **Date of Document:** | 02/17/2000 |
| **Document Type:** | Regulation |
| **Classification:** | Unclassified |
| **From/To:** | |
| **Subject:** | Equal Employment Opportunity Program |
| **Document Pages:** | 3 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including internal agency organizational units, internal CIA organizational functions, internal regulation numbers, a phone number used to communicate internally, internal categories and procedures for providing personnel information to employees and supervisors, internal categories for reporting administrative data, internal notice and reporting requirements for employee complaints, official titles, employee functions, document preparation instructions, document filing instructions, internal forms, internal investigatory functions, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of internal procedures relating to investigation and resolution of complaints of personnel employed by the CIA would provide insight into internal CIA functions that would enable circumvention of CIA procedures, increase the vulnerability of employees affected by the procedures, and disrupt the effective operation of CIA activities that are confidential in nature, including investigatory procedures. The regulation also contains internal CIA information concerning CIA intelligence methods. Information disclosing CIA employees, organization, functions, or official titles, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

FOIA/PA Request No.: F-2000-01097

Document Number: MORI 1511300

Date of Document: 04/12/2005

Document Type: Regulation

Classification: Unclassified

From/To:

Subject: Special Activities Staff, Security Center

Document Pages: 4

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including internal agency organizational units, internal CIA organizational functions, the location of a CIA facility, an employee room number, a phone number used to communicate internally, internal regulation numbers, official titles, internal security procedures and requirements, internal investigatory procedures and functions, internal procedures for reporting certain personnel actions, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information is also withheld under high (b)(2). Disclosure of internal procedures relating to investigation and resolution of security concerns relating to CIA personnel would provide insight into internal CIA functions that would enable circumvention of CIA procedures, increase the vulnerability of employees affected by the procedures, and disrupt the effective operation of CIA activities that are confidential in nature, including investigatory procedures. The regulation also contains internal CIA information concerning CIA intelligence methods. Information disclosing CIA employees, organization, functions, or official titles, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| **FOIA/PA Request No.:** | F-2000-01097 |
| **Document Number:** | MORI 1511367 |
| **Date of Document:** | 06/20/2006 |
| **Document Type:** | Regulation |
| **Classification:** | Unclassified |
| **From/To:** | |
| **Subject:** | Employment of Members in the Uniformed Services |
| **Document Pages:** | 8 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This unclassified regulation is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal agency certification, security, and notice requirements, document preparation procedures and instructions, standards and eligibility requirements pertaining only to CIA employees, employee leave provisions, internal investigatory and review procedures, file management procedures, recordkeeping provisions, CIA employee programs, internal agency organizational units, internal regulation numbers, an employee identification number, official titles, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal procedures which relate to employment and reemployment of certain personnel; reveal the nature of information held in CIA internal files, the CIA's methods for organization and CIA personnel information; and the CIA's security, certification, notification, and investigatory procedures would enable the procedures to be circumvented and disrupt the effective operation of CIA activities that are confidential in nature. Information disclosing the organization, functions, names, or official titles of CIA employees is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v . Central Intelligence Agency

FOIA/PA Request No.: F-2000-01097

Document Number: MORI 1511368

Date of Document: 02/25/2004

Document Type: Regulation

Classification: Secret

From/To:

Subject: Trainee Program

Document Pages: 3

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is currently and properly classified at the SECRET level, is withheld in its entirety pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. Information withheld from release pursuant to Exemption (b)(1) includes information concerning classified CIA intelligence methods currently and properly classified at the SECRET level. Disclosure of the information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in serious damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA organizational units and functions, internal regulation numbers, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal procedures relating to file organization and designation, revealing the nature of information maintained in CIA files, and CIA methods for organization and review of internal files, would provide insight into internal CIA procedures, organization, activities, and vulnerabilities that would disrupt the effective administration of CIA regulations, increase the vulnerability of employees affected by the CIA procedures, and disrupt the effective operation of intelligence methods affected by the CIA procedures. Information disclosing CIA organization or functions, or information disclosing intelligence methods, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v. Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511369 |
| Date of Document: | 02/11/2002 |
| Document Type: | Regulation |
| Classification: | Confidential |
| From/To: | |
| Subject: | Insurance |
| Document Pages: | 5 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is currently and properly classified at the CONFIDENTIAL level, is withheld in its entirety pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. Information withheld from release pursuant to Exemption (b)(1) includes information concerning classified CIA intelligence methods currently and properly classified at the CONFIDENTIAL level. Disclosure of the information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal agency forms, internal CIA organizational units and functions, eligibility for employee programs, official titles, phone numbers used to communicate internally, an internal regulation number, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures and functions therein would provide insight into internal CIA standards and practices that would facilitate circumvention of the procedures, increase the vulnerability of employees affected by the procedures, and disrupt the effective operation of CIA activities affected by the procedures. Information disclosing the organization, functions, names, or official titles of CIA employees, or information disclosing CIA intelligence methods, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v . Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511370 |
| Date of Document: | 02/15/2002 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Career Program |
| Document Pages: | 3 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is marked Administrative - Internal Use Only, is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal CIA organizational units, an internal CIA regulation number, eligibility of certain employees for an employee program, document preparation procedures for CIA personnel, internal CIA program requirements, internal CIA investigatory procedures, official titles, functions of designated employee positions, employee locations, phone numbers used to communicate internally, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures and functions therein would enable the procedures to be circumvented and would provide insight into internal CIA standards and investigatory practices that would increase the vulnerability of employees affected by the CIA procedures and disrupt the effective operation of CIA activities and intelligence methods affected by CIA procedures that are confidential in nature. The regulation also contains internal CIA information concerning CIA intelligence and counterintelligence activities. Information disclosing the organization, functions, or official titles of CIA employees, or information disclosing intelligence methods or activities, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v . Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511371 |
| Date of Document: | 05/07/2004 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Employee Spouse Program |
| Document Pages: | 4 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is marked Administrative - Internal Use Only, is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal CIA organizational units, an internal CIA regulation number, eligibility and non-eligibility of certain employees and family members for employee programs, document preparation procedures for CIA personnel, official titles, functions of designated employee positions, employee locations, phone numbers used to communicate internally, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures and functions therein would enable the procedures to be circumvented and would provide insight into internal CIA standards and practices that would increase the vulnerability of employees affected by the CIA procedures and disrupt the effective operation of CIA activities and intelligence methods affected by the CIA procedures. The regulation also contains internal CIA information concerning CIA intelligence methods, functions, and requirements. Information disclosing the organization, functions, or official titles of CIA employees, or information disclosing intelligence methods or activities, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v. Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511372 |
| Date of Document: | 02/28/2002 |
| Document Type: | Regulation |
| Classification: | Confidential |
| From/To: | |
| Subject: | Financial Regulation |
| Document Pages: | 3 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is currently and properly classified at the CONFIDENTIAL level, is withheld in its entirety pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. Information withheld from release pursuant to Exemption (b)(1) includes information concerning classified CIA intelligence methods and activities currently and properly classified at the CONFIDENTIAL level. Disclosure of the information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal agency reporting procedures, internal agency organizational units, official titles, phone numbers used to communicate internally, an internal regulation number, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures and functions therein would provide insight into internal CIA standards and practices that would facilitate circumvention of CIA procedures and disrupt the effective operation of classified CIA intelligence methods and activities. Information disclosing the organization, functions, and official titles of CIA employees, and information disclosing CIA intelligence methods or activities, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v . Central Intelligence Agency

FOIA/PA Request No.:   F-2000-01097

Document Number:   MORI 1511373

Date of Document:   01/03/2006

Document Type:   Regulation

Classification:   Unclassified

From/To:

Subject:   Personnel Assignments

Document Pages:   5

| FOIA Exemptions: | Privacy Act Exemptions: | Disposition: |
|---|---|---|
| ☐ (b) (1) | ☐ (d) (5) | ● Denied in Full |
| ☒ (b) (2) | ☐ (j) (1) | ○ Partial Release |
| ☒ (b) (3) | ☐ (j) (2) | ○ Released in Full |
| ☐ (b) (4) · | ☐ (k) (1) | ○ Referred to Third Agency |
| ☐ (b) (5) | ☐ (k) (2) | |
| ☐ (b) (6) | ☐ (k) (5) | |
| ☐ (b) (7) (c) | | |
| ☐ (b) (7) (d) | | |
| ☐ (b) (7) (e) | | |
| ☐ (b) (7) (f) | | |

Document Description : This unclassified regulation is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal CIA organizational units, internal CIA organizational functions, employee locations, eligibility requirements for participation in an employee program, application procedures for CIA personnel, official titles, functions of designated employee positions, phone numbers used to communicate internally, internal regulation numbers, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures, requirements, standards and functions therein would enable the procedures to be circumvented and would provide insight into internal CIA standards and practices that would increase the vulnerability of employees affected by the CIA procedures and disrupt the effective operation of CIA activities and intelligence methods affected by the CIA procedures. The regulation also contains internal CIA information concerning CIA intelligence methods, functions, and requirements. Information disclosing the organization, functions, names, or official titles of CIA employees, or information disclosing intelligence methods or activities, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511374 |
| Date of Document: | 10/21/1996 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Financial Regulation |
| Document Pages: | 6 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is marked Administrative - Internal Use Only, is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal CIA organizational units, internal CIA organizational functions, internal investigatory and review procedures, internal agency forms, internal reporting requirements, official titles, functions of designated employee positions, phone numbers used to communicate internally, internal regulation numbers, administrative codes, an employee identification number, database fields for document file management, internal categories, filing procedures, and document maintenance procedures pertaining only to CIA employees. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal standards, activities, priorities, procedures, and functions therein would provide insight into internal CIA procedures that would increase the vulnerability of employees affected by the CIA procedures and enable circumvention or disruption of the effective operation of CIA activities and intelligence methods affected by the CIA procedures. The regulation also contains internal CIA information concerning CIA intelligence methods, functions, and requirements. Information disclosing the organization, functions, or official titles of CIA employees, or information disclosing CIA intelligence methods or activities, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

FOIA/PA Request No.: F-2000-01097

Document Number: MORI 1511375

Date of Document: 11/23/2004

Document Type: Regulation

Classification: Confidential

From/To:

Subject: Training

Document Pages: 6

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is currently and properly classified at the CONFIDENTIAL level, is withheld in its entirety pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. Information withheld from release pursuant to Exemption (b)(1) includes information concerning classified CIA intelligence and counterintelligence methods and activities, functions, programs, personnel, and locations. Disclosure of the information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal agency forms, internal CIA organizational units, eligibility and non-eligibility of certain employees and family members for employee programs, official titles, phone numbers used to communicate internally, internal regulation numbers, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures and functions therein would enable the procedures to be circumvented and would provide insight into internal CIA standards and practices that would increase the vulnerability of employees affected by the CIA procedures and disrupt the effective operation of classified CIA activities and intelligence and counterintelligence methods affected by the CIA procedures. Information disclosing the organization, functions, or official titles of CIA employees, or information disclosing intelligence methods or activities, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154

**Judge's Initials**: RMU

# James Madison Project v . Central Intelligence Agency

| | |
|---|---|
| **FOIA/PA Request No.:** | F-2000-01097 |
| **Document Number:** | MORI 1511376 |
| **Date of Document:** | 06/23/2003 |
| **Document Type:** | Regulation |
| **Classification:** | Confidential |
| **From/To:** | |
| **Subject:** | Language Program |
| **Document Pages:** | 20 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This regulation, which is currently and properly classified at the CONFIDENTIAL level, is withheld in its entirety pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. Information withheld from release pursuant to Exemption (b)(1) includes information concerning classified CIA intelligence and counterintelligence methods and activities, programs, personnel, and locations. Disclosure of the information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal CIA employee programs, internal agency organizational units, internal CIA organizational functions, internal agency forms, internal certification requirements, internal CIA information systems and database names, official titles, phone numbers used to communicate internally, internal regulation numbers, administrative codes, an employee identification number, database fields for document file management, internal categories, standards and eligibility requirements pertaining only to CIA employees, internal review and rating procedures, employee awards, file management procedures, and document management provisions. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal standards, activities, priorities, procedures, and functions therein would provide insight into internal CIA procedures that would increase the vulnerability of employees affected by the CIA procedures and enable circumvention or disruption of the effective operation of classified CIA activities and intelligence methods affected by the CIA procedures. The regulation also contains internal CIA information concerning CIA intelligence methods, functions, activities and programs, mission priorities, and strategic plans. Information disclosing the organization, functions, or official titles of CIA

employees, or information disclosing CIA intelligence methods or activities, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v . Central Intelligence Agency

|  |  |
|---|---|
| **FOIA/PA Request No.:** | F-2000-01097 |
| **Document Number:** | MORI 1511377 |
| **Date of Document:** | 04/13/2007 |
| **Document Type:** | Regulation |
| **Classification:** | Secret |
| **From/To:** | |
| **Subject:** | Personnel Assignments |
| **Document Pages:** | 3 |

**FOIA Exemptions:**
☒ (b) (1)
☒ (b) (2)
☒ (b) (3)
☐ (b) (4)
☐ (b) (5)
☐ (b) (6)
☐ (b) (7) (c)
☐ (b) (7) (d)
☐ (b) (7) (e)
☐ (b) (7) (f)

**Privacy Act Exemptions:**
☐ (d) (5)
☐ (j) (1)
☐ (j) (2)
☐ (k) (1)
☐ (k) (2)
☐ (k) (5)

**Disposition:**
● Denied in Full
○ Partial Release
○ Released in Full
○ Referred to Third Agency

**Document Description:** This regulation, which is currently and properly classified at the SECRET level, is withheld in its entirety pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. Information withheld from release pursuant to Exemption (b)(1) includes information concerning classified CIA intelligence methods, activities, personnel, and locations currently and properly classified at the SECRET level. Disclosure of the information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in serious damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal agency forms, internal CIA organizational units, eligibility and non-eligibility of certain employees for employee programs, official titles, phone numbers used to communicate internally, internal regulation numbers, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures and functions therein would enable the procedures to be circumvented and would provide insight into internal CIA standards and practices that would increase the vulnerability of employees affected by the CIA procedures and disrupt the effective operation of classified CIA activities and intelligence methods affected by the CIA procedures. Information disclosing the organization, functions, names, or official titles of CIA employees, or information disclosing intelligence methods or activities, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154

**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

FOIA/PA Request No.: F-2000-01097

Document Number: MORI 1511378

Date of Document: 02/15/2002

Document Type: Regulation

Classification: Confidential

From/To:

Subject: Personnel Records

Document Pages: 3

| FOIA Exemptions: | Privacy Act Exemptions: | Disposition: |
|---|---|---|
| ☒ (b) (1) | ☐ (d) (5) | ● Denied in Full |
| ☒ (b) (2) | ☐ (j) (1) | ○ Partial Release |
| ☒ (b) (3) | ☐ (j) (2) | ○ Released in Full |
| ☐ (b) (4) | ☐ (k) (1) | ○ Referred to Third Agency |
| ☐ (b) (5) | ☐ (k) (2) | |
| ☐ (b) (6) | ☐ (k) (5) | |
| ☐ (b) (7) (c) | | |
| ☐ (b) (7) (d) | | |
| ☐ (b) (7) (e) | | |
| ☐ (b) (7) (f) | | |

Document Description : This regulation, which is currently and properly classified at the CONFIDENTIAL level, is withheld in its entirety pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. Information withheld from release pursuant to Exemption (b)(1) includes information concerning classified CIA organizational units, authorities, functions, intelligence methods and activities, and personnel currently and properly classified at the CONFIDENTIAL level. Disclosure of the information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal agency forms, internal CIA routing information, filing systems, information systems and database names, internal CIA organizational units, internal CIA personnel programs, official titles, phone numbers used to communicate internally, internal regulation numbers, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures and functions therein would provide insight into internal CIA standards and practices that would enable the procedures to be circumvented, increase the vulnerability of employees affected by the CIA procedures, and disrupt the effective operation of classified CIA activities and intelligence methods affected by the CIA procedures. Information disclosing the organization, functions, or official titles of CIA employees, and information disclosing CIA intelligence methods or activities, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154

**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511379 |
| Date of Document: | 03/01/2007 |
| Document Type: | Regulation |
| Classification: | Secret |
| From/To: | |
| Subject: | Employee Insurance |
| Document Pages: | 4 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is currently and properly classified at the SECRET level, is withheld in its entirety pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. Information withheld from release pursuant to Exemption (b)(1) includes information concerning classified CIA information systems, intelligence methods and activities, and personnel and locations currently and properly classified at the SECRET level. Disclosure of the information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in serious damage to the national security of the United States. Internal personnel information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal agency forms, internal CIA information systems and database names, internal CIA organizational units, eligibility and non-eligibility of certain employees for employee programs, official titles, phone numbers used to communicate internally, internal regulation numbers, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures and functions therein would provide insight into internal CIA standards and practices that would increase the vulnerability of employees affected by the CIA procedures and disrupt the effective operation of classified CIA activities and intelligence methods affected by the CIA procedures. Information disclosing the organization, functions, names, or official titles of CIA employees, or information disclosing CIA intelligence methods or activities, is also withheld pursuant to (b)(3).

**Case Number: 1:07cv01154**

**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511380 |
| Date of Document: | 2/10/2006 |
| Document Type: | Regulation |
| Classification: | Confidential |
| From/To: | |
| Subject: | Dependent Children |
| Document Pages: | 3 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is currently and properly classified at the CONFIDENTIAL level, is withheld in its entirety pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. Information withheld from release pursuant to Exemption (b)(1) includes information concerning classified CIA information systems, intelligence methods, and locations of CIA personnel and activities currently and properly classified at the CONFIDENTIAL level. Disclosure of the information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in damage to the national security of the United States. Internal information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal agency forms and form numbers, internal agency organizational units, eligibility and non-eligibility of certain employees for employee programs, official titles, phone numbers used to communicate internally, internal regulation numbers, administrative codes, employee names, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures and functions therein would provide insight into internal CIA standards and practices that would increase the vulnerability of employees affected by the CIA procedures and disrupt the effective operation of classified CIA intelligence activities affected by the CIA procedures. Information disclosing the organization, functions, names, or official titles of CIA employees, and information disclosing CIA intelligence methods or activities, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511381 |
| Date of Document: | 04/14/2004 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Information Management Regulation |
| Document Pages: | 10 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is marked Administrative - Internal Use Only, is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal agency procedures for classification and declassification, internal agency organizational units, phone numbers used to communicate internally, document preparation instructions, document routing and filing instructions, information relating to employee training, internal regulation numbers, official titles, internal approval procedures, procedures relating to authorized holders of classified information, internal agency board approval processes and requirements, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures therein would provide insight into internal CIA information collection and management procedures and internal CIA information systems that would disrupt the effective operation of CIA intelligence collection activities that are confidential in nature and would provide insight into any vulnerabilities in internal CIA information systems. Information disclosing the organization, functions, or official titles of CIA employees is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v . Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511382 |
| Date of Document: | 06/03/1997 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Annex A - Original Classification Authorities |
| Document Pages: | 5 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This regulation was initially denied in full. However, since its initial document production on 10 January 2008, the CIA revisited its decision to deny this document in full. The CIA has determined it can release this document in document in segregable form with redactions made pursuant to FOIA exemptions (b)(2) and (b)(3). The redacted version of this regulation is numbered 1528474 and attached to the CIA's declaration and this <u>Vaughn</u> Index.

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v . Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511383 |
| Date of Document: | 08/17/1995 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | CIA Files |
| Document Pages: | 6 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions :**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This unclassified regulation is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal agency file management procedures and instructions, internal information review procedures, the names of CIA file systems, internal agency organizational units, an internal regulation number, official titles, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal procedures relating to file organization and designation, revealing the nature of information maintained in CIA files, and CIA methods for organization and review of internal files, would provide insight into internal CIA procedures, organization, activities, and vulnerabilities that would disrupt the effective administration of CIA regulations. Information disclosing CIA organization, functions, or the official titles of CIA employees, or information disclosing CIA intelligence methods or activities, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v . Central Intelligence Agency

|  |  |
|---|---|
| **FOIA/PA Request No.:** | F-2000-01097 |
| **Document Number:** | MORI 1511384 |
| **Date of Document:** | 02/26/1987 |
| **Document Type:** | Regulation |
| **Classification:** | Unclassified |
| **From/To:** | |
| **Subject:** | Information Management Regulation |
| **Document Pages:** | 3 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This unclassified regulation is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal agency recordkeeping procedures and instructions, internal information review procedures, the names of internal information management systems, internal agency organizational units, an internal regulation number, official titles, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal procedures relating to recordkeeping and management of intelligence-related information and in particular relating to unauthorized disclosures of intelligence-related information would provide insight into internal CIA procedures that would disrupt the effective administration of CIA regulations. Information disclosing the organization, functions, or official titles of CIA employees is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511385 |
| Date of Document: | 02/25/2004 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: |  |
| Subject: | Dispute Resolution |
| Document Pages: | 7 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This regulation, which is marked Administrative - Internal Use Only, is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal agency personnel procedures, internal agency organizational units, phone numbers used to communicate internally, internal regulation numbers, official titles, an employee identification number, database fields for document file management, document preparation instructions, document routing and filing instructions, confidentiality provisions, and recordkeeping provisions. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal investigatory, confidentiality, and dispute resolution procedures therein, and disclosure of the issues to which such procedures do not apply, would provide insight into internal CIA investigatory procedures that would facilitate circumvention of CIA procedures and would disrupt the effective operation of CIA activities that are internal and confidential in nature. Information disclosing the organization, functions, names, or official titles of CIA employees is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v . Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511386 |
| Date of Document: | 12/22/1999 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: |  |
| Subject: | Employee Complaint System |
| Document Pages: | 5 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is marked Administrative - Internal Use Only, is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal agency grievance procedures, internal agency organizational units, phone numbers used to communicate internally, internal regulation numbers, official titles, an employee identification number, database fields for document file management, document preparation instructions, document routing and filing instructions, confidentiality provisions, and recordkeeping provisions. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal investigatory, confidentiality, and resolution procedures therein would provide insight into internal CIA investigatory procedures that would facilitate circumvention of CIA procedures and would disrupt the effective operation of CIA activities that are confidential in nature. Information disclosing the organization, functions, names, or official titles of CIA employees is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

# James Madison Project v . Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511387 |
| Date of Document: | 03/11/2005 |
| Document Type: | Regulation |
| Classification: | Secret |
| From/To: | |
| Subject: | Security Regulation of CIA Employees |
| Document Pages: | 8 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This regulation, which is currently and properly classified at the SECRET level, is withheld in its entirety pursuant to FOIA Exemptions (b)(1), low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. Information withheld from release pursuant to Exemption (b)(1) includes information concerning classified CIA intelligence methods, intelligence and counterintelligence activities, and classified foreign government information currently and properly classified at the SECRET level. Disclosure of the information withheld pursuant to Exemption (b)(1) reasonably could be expected to result in serious damage to the national security of the United States. Internal information in which there is no genuine public interest has also been withheld under Exemption low (b)(2), including internal agency reporting procedures, internal agency organizational units, official titles, phone numbers used to communicate internally, internal regulation numbers, administrative codes, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures and functions therein would provide insight into internal CIA standards and practices that would facilitate circumvention of CIA procedures and disrupt the effective operation of classified CIA intelligence activities. Information disclosing the organization, functions, names, and official titles of CIA employees, and information disclosing CIA intelligence methods or activities, is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v. Central Intelligence Agency

|  |  |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1511388 |
| Date of Document: | 12/15/2006 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Employee Conduct |
| Document Pages: | 6 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This unclassified regulation, containing CIA internal organizational data concerning the structure and functions of an internal CIA board responsible for personnel matters, is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal agency procedures for personnel review, internal agency organizational units, phone numbers used to communicate internally, document preparation instructions, document routing and filing instructions, internal regulation numbers, official titles, an employee identification number, and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures therein would provide insight into internal CIA investigatory procedures that would facilitate circumvention of CIA procedures and would disrupt the effective operation of CIA activities that are confidential in nature. Disclosure of the high (b)(2) information would also disrupt CIA internal investigatory functions. Information disclosing the organization, functions, or official titles of CIA employees is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v . Central Intelligence Agency

FOIA/PA Request No.: F-2000-01097

Document Number: MORI 1511389

Date of Document: 08/07/2002

Document Type: Regulation

Classification: Unclassified

From/To:

Subject: Reporting Official Misconduct

Document Pages: 3

| FOIA Exemptions: | Privacy Act Exemptions: | Disposition: |
|---|---|---|
| ☐ (b) (1) | ☐ (d) (5) | ● Denied in Full |
| ☒ (b) (2) | ☐ (j) (1) | ○ Partial Release |
| ☒ (b) (3) | ☐ (j) (2) | ○ Released in Full |
| ☐ (b) (4) | ☐ (k) (1) | ○ Referred to Third Agency |
| ☐ (b) (5) | ☐ (k) (2) | |
| ☐ (b) (6) | ☐ (k) (5) | |
| ☐ (b) (7) (c) | | |
| ☐ (b) (7) (d) | | |
| ☐ (b) (7) (e) | | |
| ☐ (b) (7) (f) | | |

Document Description : This regulation, which is marked Administrative - Internal Use Only, is withheld in its entirety pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). No meaningful nonexempt information is reasonably segregable for release. The regulation contains low (b)(2) information: internal information pertaining to CIA employees in which there is no genuine public interest, including internal agency reporting procedures for misconduct, internal agency organizational units, the name of a CIA official, phone numbers used to communicate internally, internal regulation numbers, official titles, an employee identification number and database fields for document file management. Further, in the context of other regulations released in whole and in part, the regulation is also withheld in its entirety under high (b)(2). Disclosure of internal operational procedures therein would provide insight into internal CIA standards and practices that would facilitate circumvention of CIA procedures and would disrupt the effective operation of CIA activities that are confidential in nature. Disclosure of the high (b)(2) information would also disrupt CIA internal investigatory functions. Information disclosing the organization, functions, names, and official titles of CIA employees is also withheld pursuant to (b)(3).

Case Number: 1:07cv01154
Judge's Initials: RMU

# James Madison Project v . Central Intelligence Agency

| | |
|---|---|
| FOIA/PA Request No.: | F-2000-01097 |
| Document Number: | MORI 1528474 |
| Date of Document: | 06/03/1997 |
| Document Type: | Regulation |
| Classification: | Unclassified |
| From/To: | |
| Subject: | Annex A - Original Classification Authorities |
| Document Pages: | 5 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ○ Denied in Full
- ● Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** A copy of this document has been provided to Plaintiff. Exempt information has been withheld from release pursuant to FOIA Exemptions low (b)(2), high (b)(2), and (b)(3). Internal information in which information in which there is no genuine public interest has been withheld under Exemption low (b)(2), including a phone number used to communicate internally, internal agency organizational units and organizational functions, official titles, employee functions, procedures for classification of CIA information, internal delegations of CIA functions, administrative codes, and database fields for document file management. Further, in the context of other regulations released in whole and in part, information in the regulation is also withheld under high (b)(2). Disclosure of internal information therein would provide insight into internal CIA classification procedures and personnel and disclose internal CIA organization and functions that would disrupt the effective operation of CIA intelligence activities that are confidential in nature. Information disclosing CIA employees, organization, functions, or official titles, or disclosing intelligence methods, is also withheld pursuant to (b)(3).

**Case Number:** 1:07cv01154
**Judge's Initials:** RMU

EXHIBIT B

# The James Madison Project
## 1275 K Street, N.W.
## Suite 770
## Washington, D.C. 20005

(202) 785-3801
(202) 371-6643 fax

E-Mail: JaMadPro@aol.com
http://www.jamesmadisonproject.org

18 May 2000

Ms. Katherine Dyer
Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Re: FOIA Request - CIA Regulations

Dear Ms. Dyer:

This is a request on behalf of the James Madison Project under the Freedom of Information Act, 5 U.S.C. § 552, et seq., for copies of all internal CIA regulations on or pertaining to (1) personnel issues; (2) the granting or revocation of security clearances; (3) grievance procedures; (4) disciplinary procedures; (5) the Prepublication Review Board; (6) declassification of information; (7) the Historical Advisory Board; and (8) the implementation of the Freedom of Information and Privacy Acts. For those records listed in 58 Fed.Reg. 65964 (Dec. 17, 1993), which are already publicly available, we seek a re-review of the withheld portions.

The term documents includes, but is not limited to, all e-mail communications to or from any individual within your office, memorandums, inter-agency communications, sound recordings, tape recordings, video or film recordings, photographs, notes, note-books, indexes, memoranda, jottings, message slips, letters, telexes, telegrams, facsimile transmissions, statements, policies, manuals or binders, books, handbooks, business records, personnel records, ledgers, notices, warnings, affidavits, declarations under penalty of perjury, unsworn statements, reports, diaries or calendars, regardless of whether they are hand-written, printed, typed, mechanically or electronically recorded or reproduced on any medium capable of conveying an image, such as paper, computer discs or diskettes.

*"Knowledge will forever govern ignorance, and a people who mean to be their own Governors, must arm themselves with the power knowledge gives."*

*James Madison, 1822*

The James Madison Project

Should a document have originated with a third-party agency and require referral, please notify us of the referral and identify the agency in question. If you deny all or part of this request, please cite the specific exemptions you believe justifies your refusal to release the information or permit the review and notify us of your appeal procedures available under the law. In excising material, please "black out" rather than "white out" or "cut out".

Additionally, we are hereby requesting a waiver of all fees. The James Madison Project is a non-profit organization under the laws of the District of Columbia and has the ability to disseminate information on a wide scale. Stories concerning our activities have received prominent mention in many publications including, but not limited to, *The Washington Post*, *The Washington Times*, *St. Petersburg Tribune*, *San Diego Union Tribune*, *European Stars & Stripes*, *Christian Science Monitor*, *U.S. News and World Report*, *Mother Jones* and *Salon Magazine*. Our website, where much of the information received through our FOIA requests is or will be posted for all to review, can be accessed at *http://www.jamesmadisonproject.org*. Prior requests submitted by our organization have all received fee waivers.

Furthermore, there can be no question that the information sought would contribute to the public's understanding of government operations or activities and is in the public interest. Most of the CIA's regulations remain publicly unavailable. The extent to which, for example, the CIA regulates the conduct of its personnel, declassifies information and operates various offices that handle historically valuable information is clearly in the public interest. Understanding these processes will clearly contribute to the public's understanding of government operations or activities.

Please respond to this request within 20 working days as provided for by law. Failure to timely comply may result in the filing of a civil action against your agency in the United States District Court for the District of Columbia. Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me at either (202) 785-3801 or my law office at (202) 371-6626.

Sincerely,

Mark S. Zaid
Executive Director

*"Knowledge will forever govern ignorance, and a people who mean to be their own Governors, must arm themselves with the power knowledge gives."*

*James Madison, 1822*

EXHIBIT C

Central Intelligence Agency



Washington, D.C. 20505

26 July 2002

Mr. Mark S. Zaid
Executive Director
The James Madison Project
1275 K Street, N.W., Suite 770
Washington, D.C. 20005

Reference: F-2000-01097

Dear Mr. Zaid:

This acknowledges receipt of your 18 May 2000 Freedom of Information Act (FOIA) request for "copies of all internal CIA regulations on or pertaining to the following:

> (1) personnel issues; (2) the granting or revocation of security clearances; (3) grievance procedures; (4) disciplinary procedures; (5) the Prepublication Review Board; (6) declassification of information; (7) The Historical Advisory Board; and (8) the implementation of the Freedom of Information and Privacy Acts. For those records listed in 58 Fed.Reg. 65964 (Dec 17, 1993), which are already publicly available, [you] seek a re-review of the withheld portions. "

We apologize for the delay in responding due to an administrative oversight. For identification purposes we have assigned your request the number referenced above.

This is with regard to that portion of your request as it pertains to a re-review of regulations "which are already publicly available." Please be advised that only information denied under FOIA exemption (b)(1) is subject to a re-review while information denied under FOIA exemption (b)(3) is not subject to a re-review and must continue to be denied.

This is with respect to the remainder of your request.  We have determined that, with the exception of regulations that have been previously released, your request must be denied in its entirety on the basis of FOIA exemption (b)(3).  An explanation of exemptions is enclosed.

The CIA official responsible for this determination is Kathryn I. Dyer, Information and Privacy Coordinator.   You have the right to appeal this determination by addressing your appeal to the Agency Release Panel, in my care.

Sincerely,

Kathryn I. Dyer
Information and Privacy Coordinator

Enclosure

EXHIBIT D

# The James Madison Project
## 1275 K Street, N.W.
### Suite 770
## Washington, D.C. 20005

(202) 785-3801
(202) 371-6643 fax

E-Mail: JaMadPro@aol.com
http://www.jamesmadisonproject.org

8 August 2002

<u>VIA FACSIMILE AND MAIL</u>

Ms. Kathryn I. Dyer
c/o Agency Release Panel
Central Intelligence Agency
Washington, D.C. 20505

Re: <u>FOIA Request - CIA Regulations</u>; F-2000-01097

Dear Ms. Dyer:

This is an appeal pursuant to (a)(6) of the Freedom of Information Act, 5 U.S.C. § 552, <u>et seq.</u>, challenging your decision dated 26 July 2002, a copy of which is enclosed, to deny access to the requested records.

As you know, your agency is required by statute to respond to this appeal within 20 working days. 5 U.S.C. § 552(a)(6). Failure to do so will result in the initiation of litigation before the United States District Court for the District of Columbia. If you wish to discuss any aspect of this appeal, please do not hesitate to contact me. You may best reach me through my law office at (202) 371-6626. I look forward to hearing from you.

Sincerely,

Mark S. Zaid
Executive Director

*"Knowledge will forever govern ignorance, and a people who mean to be their own Governors, must arm themselves with the power knowledge gives."*

*James Madison, 1822*

EXHIBIT E

Central Intelligence Agency



Washington, D.C. 20505

AUG 2 0 2002

Mr. Mark S. Zaid
Executive Director
The James Madison Project
1275 K Street, N.W., Suite 770
Washington, D.C.  20005

Reference:  F-2000-01097

Dear Mr. Zaid:

    This is in response to your letter dated 8 August 2002 and was received in this office on 9 August 2002.  You are appealing our 26 July 2002 response to your 19 January 1993 Freedom of Information Act request for "copies of all internal CIA regulations on or pertaining to the following:

> (1) personnel issues; (2) the granting or revocation of security clearances; (3) grievance procedures; (4) disciplinary procedures; (5) the Prepublication Review Board; (6) declassification of information; (7) The Historical Advisory Board; and (8) the implementation of the Freedom of Information and Privacy Acts.  For those records listed in 58 Fed. Reg. 65964 (Dec 17, 1993), which are already publicly available, [you] seek a re-review of the withheld portions."

    Specifically, you appealed our determination to deny you access to the requested records.

    Your appeal has been accepted and arrangements will be made for its consideration by the appropriate members of the Agency Release Panel.  You will be advised of the determinations made.

Mr. Mark S. Zaid

    In order to afford requesters the most equitable treatment possible, we have adopted the policy of handling appeals on a first-received, first-out basis. At the present time, our workload consists of approximately 360 appeals awaiting completion.  In view of this, some delay in our reply must be expected, but I can assure you that every reasonable effort will be made to complete a response as soon as possible.

                    Sincerely,

                    Kathryn I. Dyer
            Information and Privacy Coordinator

EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE JAMES MADISON PROJECT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07cv01154 (RMU) |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## JOINT STATUS REPORT

Plaintiff, The James Madison Project, filed this FOIA suit on June 27, 2007, seeking "copies of all internal CIA regulations on or pertaining to (1) personnel issues; (2) the granting or revocation of security clearances; (3) grievance procedures; (4) disciplinary procedures; (5) the Prepublication Review Board; (6) declassification of information; (7) the Historical Advisory Board; and (8) the implementation of the Freedom of Information and Privacy Acts."  Defendant Central Intelligence Agency ("CIA") filed its answer on August 24, 2007, and the Court ordered submission of a joint status report by September 24, 2007.

The parties conferred on September 21, 2007, and agreed to the following: (1) the parties agree to treat plaintiff's FOIA request as a request for copies of the versions of the CIA regulations that it seeks that were current as of June 27, 2007, and for no other documents; (2) the CIA will complete processing of the documents responsive to plaintiff's request and release to plaintiff any non-exempt documents or portions of documents by January 11, 2008; (3) the parties will confer with respect to the CIA's release (if any) of documents by January 25, 2008; and (4) if, after conferring, the parties do not agree that the CIA's release of any non-exempt

documents or portions of documents resolves the issues in this case, the CIA will move for

summary judgment on or before March 25, 2008.

Dated:  September 24, 2007

Respectfully submitted,


   /s/ Vesper Mei                           /s/ Mark S. Zaid

Vesper Mei (D.C. Bar #455778)             Mark S. Zaid (D.C. Bar #440532)

Trial Attorney                                     Mark S. Zaid, P.C.

U.S. Department of Justice                1250 Connecticut Ave., NW

Civil Division                                     Suite 200

Federal Programs Branch                 Washington, D.C. 20036

P.O. Box 883                                   (202) 454-2809

Washington, D.C. 20044                 (202) 330-5610 fax

(202) 514-4686                               ZaidMS@aol.com

(202) 616-8470

vesper.mei@usdoj.gov                  Attorney for Plaintiff


Attorney for Defendant

EXHIBIT G

MORI DocID: 1511947

Central Intelligence Agency



Washington, D.C. 20505

JAN 1 0 2008

Mark S. Zaid, Esquire
1250 Connecticut Avenue, NW
Suite 200
Washington, D.C. 20036

Reference: F-2000-01097

Dear Mr. Zaid:

This responds to your 18 May 2000 Freedom of Information Act (FOIA) request
and subsequent litigation for "copies of all internal CIA regulations on or pertaining to the
following:

> **(1) personnel issues; (2) the granting or revocation of security clearances;
> (3) grievance procedures; (4) disciplinary procedures; (5) the Prepublication
> Review Board; (6) declassification of information; (7) The Historical Advisory
> Board; and (8) the implementation of the Freedom of Information and Privacy
> Acts. For those records listed in 58 Fed.Reg 65964 (Dec. 17, 1993), which are
> already publicly available, [you] seek a re-review of the withheld portions."**

We processed your request in accordance with the FOIA, 5 U.S.C. § 552, as amended, and
the CIA Information Act, 50 U.S.C. § 431, as amended, and in accordance with the Joint
Status Report filed Case No. 1:07cv01154 (D.D.C.) on September 24, 2007. Our
processing included a search for records in existence as of 27 June 2007.

We have completed a thorough search for records responsive to your request,
located material, and have made the following determinations:

Enclosed are 53 documents which can be released in segregable form with
deletions made on the basis of FOIA exemptions (b)(1), (b)(2), and (b)(3).

We also located additional material which we have determined is properly
classified and must be denied in its entirety on the basis of FOIA exemptions (b)(1) and
(b)(3). Additional material must be denied in its entirety on the basis of FOIA exemption
(b)(3).

MORI DocID: 1511947

The CIA regulations governing administrative appeals are set forth at 32 C.F.R. sect. 1900.42. Those regulations state that no appeal shall be accepted if the information in question is the subject of litigation in the federal courts. Therefore, as a result of this litigation, and the response in this letter, the administrative processing of this case has been concluded.

Sincerely,

Scott Koch
Information and Privacy Coordinator

Enclosures